**Grant W. LAMBERT, Petitioner,**

v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION, Respondent.**

No. C–3–00–74.

United States District Court, S.D. Ohio, Western Division.

March 19, 2001.

Beth Goldstein Lewis, Dayton, OH, for petitioner.

Katherine E. Pridemore, Ohio Attorney General, Assistant Attorney General, Cincinnati, OH, for respondent.

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS (DOC. ##31, 37) TO MAGISTRATE JUDGE'S SUBSTITUTED REPORT AND RECOMMENDATIONS (DOC. #28) AND SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATION (DOC. #35); RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (DOC. #7) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

RICE, Chief Judge.

Petitioner Grant W. Lambert commenced this action by filing a Petition for a Writ of Habeas Corpus to obtain his release from the Ross Correctional Institution. (Doc. # 1). On May 15, 2000, the Respondent filed a Motion to Dismiss the Petition, arguing that it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Thereafter, the Magistrate Judge filed a Substituted Report and Recommendations (Doc. # 28), and a Supplement to his Substituted Report and Recommendations (Doc. # 35), in which he recommended that the Respon-

dent's Motion should be sustained and the captioned cause should be dismissed as time-barred. The matter is now before the Court upon the Petitioner's Objections (Doc. 31, 37) to the Magistrate Judge's Substituted Report and Recommendations (Doc. # 28) and the Supplement to his Substituted Report and Recommendations (Doc. # 35).

## I. *Analysis*

The sole issue before the Court is whether this action is time-barred by the one-year statute of limitations contained in the AEDPA. As noted by the Magistrate Judge, the limitations period in the present case began to run on the later of (1) the date that the Petitioner's state-court judgment of conviction became final through the conclusion of "direct review" or (2) the expiration of the time for the Petitioner to seek such review. *See* 28 U.S.C. § 2244(d)(1)(A). For purposes of analyzing the statute of limitations issue, the following dates are pertinent:

1. *July 9, 1997:* Petitioner sentenced in state court to four years of incarceration.

2. *June 5, 1998:* Ohio Court of Appeals affirms Petitioner's conviction.

3. *July 20, 1998:* Petitioner's time for appealing to Ohio Supreme Court expires.

4. *September 17, 1998:* Petitioner files untimely application in Ohio Court of Appeals under Ohio R.App.P. 26(B) to reopen his direct appeal to assert ineffective assistance of appellate counsel.

5. *November 15, 1998:* Ohio Court of Appeals denies Petitioner's Rule 26(B) application.

6. *February 17, 1999:* Ohio Supreme Court dismisses Petitioner's appeal from Court of Appeals' denial of his Rule 26(B) application.

7. *January 25, 2000:* Petitioner's federal habeas corpus Petition deemed filed by virtue of his signing the same.

In light of the foregoing dates, the Magistrate Judge reasoned that the Petitioner failed to file his Petition for a Writ of Habeas Corpus within one year of his judgment of conviction becoming final through the exhaustion of "direct review." In reaching this conclusion, the Magistrate Judge determined that, for statute of limitations purposes, the Petitioner's "direct review" ended on July 20, 1998, when his time for appealing to the Ohio Supreme Court expired. As noted above, he did not file his habeas Petition until more than 18 months later on January 25, 2000. Consequently, unless something tolled the limitations period, the Petition is untimely under the AEDPA.

In his Substituted Report and Recommendations (Doc. # 28) and the Supplement to his Substituted Report and Recommendations (Doc. # 35), the Magistrate Judge concluded that the statute of limitations was tolled *only* from September 17, 1998 (the date that the Petitioner filed his Rule 26(B) application), through February 17, 1999 (the date that the Ohio Supreme Court dismissed the Petitioner's appeal from the Court of Appeals' denial of his Rule 26(B) application). (*See* Doc. # 35 at 5–6). Even excluding this time, however, the Magistrate Judge determined that the Petitioner's habeas Petition was filed after the statute of limitations had run for *382 days*. (Doc. # 28 at 4). As a result, that judicial officer recommended that the Respondent's Motion to Dismiss (Doc. # 7) should be sustained, as the Petition is barred by the AEDPA's one-year statute of limitations.

In opposition to the foregoing conclusion, the Petitioner argues that the Magistrate Judge erred by excluding *only* the time that his Rule 26(B) application was

actually pending in Ohio's courts. According to the Petitioner, the statute of limitations also should have been tolled (1) for 90 days after the Ohio Court of Appeals filed its June 5, 1998, judgment entry affirming his conviction *and* (2) for 90 days after February 17, 1999, the date that the Ohio Supreme Court dismissed his appeal from the denial of his Rule 26(B) application. As the Petitioner properly notes, the present action is not time-barred if either argument is correct. Under the Magistrate Judge's analysis, the Petitioner exceeded the statute of limitations by only 17 days. (Doc. #28 at 4). Consequently, if the limitations period is tolled for even 90 days, his Petition for a Writ of Habeas Corpus is timely.

In support of his argument, the Petitioner notes that the Sixth Circuit has recognized the filing of a Rule 26(B) application as part of the "direct appeal process." *See White v. Schotten,* 201 F.3d 743, 752–753 (6th Cir.2000); *Bronaugh v. State of Ohio,* 235 F.3d 280, 286 (6th Cir.2000). As a result, he argues that the Magistrate Judge should have tolled the limitations period for the 90 days that Ohio law grants a criminal defendant to file a Rule 26(B) application after the entry of final judgment in the Court of Appeals.[1] In reaching this conclusion, the Petitioner stresses that, even under the Magistrate Judge's analysis, the statute of limitations did not start to run until the 45–day period for taking a direct appeal to the Ohio Supreme Court expired on July 20, 1998.[2] The Petitioner insists that his Rule 26(B) application should be treated no differently, given that the filing of such an application is part of the "direct appeal process." Therefore, he argues that the statute of limitations should not have started to run until the 90–day period for filing an application to reopen his direct appeal expired on September 4, 1998.

In a similar vein, the Petitioner properly notes that the AEDPA's one-year statute of limitations does not run during the 90–day period that a criminal defendant may petition the U.S. Supreme Court for a writ of certiorari after the Ohio Supreme Court's dismissal of a direct appeal. *See Isham v. Randle,* 226 F.3d 691, 694–695 (6th Cir.2000). Given that the filing of a Rule 26(B) application is part of the "direct appeal process," the Petitioner argues that the statute of limitations similarly should have been tolled from February 17, 1999 (the date that the Ohio Supreme Court dismissed his appeal from Court of Appeals' denial of his Rule 26(B) application), through May 17, 1999 (the date that his time for seeking a writ of certiorari expired). The parties agree that the pending habeas Petition is not barred by the AEDPA's one-year statute of limitations if either of the Petitioner's arguments is correct. Under the Magistrate Judge's analysis, the Petitioner filed his Petition after the statute of limitations had run for 382 days. (Doc. #28 at 4). Consequently, the one-year limitations period plainly is not

---

1. Rule 26(B) of the Ohio Rules of Appellate Procedure provides:

    (B) *Application for Reopening.* (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the ap-

pellant has shown good cause for filing at a later time.

2. As noted above, the Ohio Court of Appeals affirmed the Petitioner's conviction on June 5, 1998. The Magistrate Judge recognized, however, that the one-year statute of limitations under the AEDPA did not begin to run until July 20, 1998, when the Petitioner's time for taking a direct appeal to the Ohio Supreme Court expired.

exceeded if 90 days are subtracted to account for *either* (1) the time allowed under Ohio law for filing a Rule 26(B) application *or* (2) the time allowed under federal law to seek a writ of certiorari after the denial of a Rule 26(B) application.

Upon review, however, the Court finds both of the Petitioner's arguments to be unpersuasive. Resolution of the statute of limitations question turns on the proper interpretation of the Sixth Circuit's recent rulings in *White v. Schotten*, 201 F.3d 743 (6th Cir.2000), and *Bronaugh v. State of Ohio*, 235 F.3d 280, 286 (6th Cir.2000). In *White*, the Sixth Circuit held that a criminal defendant has a constitutional right to effective assistance of counsel during the process of filing a Rule 26(B) application for the reopening of a direct appeal. In reaching this conclusion, the court characterized the filing of such an application as "a continuation of activities related to the direct appeal itself." *White*, 201 F.3d at 752. Thereafter, in *Bronaugh*, the court considered whether a Rule 26(B) application should be considered a form of post-conviction or other collateral review. *Bronaugh*, 235 F.3d at 285. If so, the filing of such an application would toll the AEDPA's statute of limitations only if it were "properly filed."[3] *Id.* Upon review, the Sixth Circuit concluded, based upon *White*, that the filing of a Rule 26(B) application is not part of the post-conviction or collateral review process. Rather, it constitutes part of the "direct appeal process." *Id.* at 286. As a result, the *Bronaugh* court reasoned that the filing of a Rule 26(B) application tolls the one-year statute of limitations, regardless of whether the application is "properly filed" (i.e., regardless of whether the application is timely). *Id.* Although the *Bronaugh* court found that the filing of a Rule 26(B) application is part of the "direct appeal process," it did not embrace the arguments advanced by the Petitioner herein. To the contrary, the Sixth Circuit stated:

> ... It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that [the AEDPA's] one-year statute of limitations not begin to run until his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

*Id.*

The Sixth Circuit also assumed, without deciding, "that Bronaugh cannot toll [the AEDPA's] statute of limitations for an additional ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court following the Ohio Supreme Court's denial of his Rule 26(B) application." *Id.* at 286 n. 10.

In light of *Bronaugh*, this Court agrees with the Magistrate Judge's analysis of the statute of limitations issue. As that judicial officer recognized, the Sixth Circuit unquestionably treats the filing of a Rule 26(B) application as part of the "direct appeal process" for purposes of a criminal defendant's right to counsel (*White, supra*) and for purposes of avoiding the "properly filed" rule, which applies to post-conviction proceedings but not the direct appeal process (*Bronaugh, supra*). As the Magistrate Judge also recognized, however, *Bronaugh* essentially treats the filing of a Rule 26(B) application as a collateral attack, for statutory purposes, by only tolling the statute of limitations while such an application is

---

**3.** In *Bronaugh,* the State of Ohio argued that the petitioner's Rule 26(B) application was not "properly filed," because it was untimely (i.e., it was filed more than 90 days after the state appellate court affirmed the petitioner's conviction). *Bronaugh,* 235 F.3d at 285.

pending, rather than not starting the limitations period at all until after the application is denied. *See Bronaugh,* 235 F.3d at 286 ("It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application.... Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.").

Applied to the present case, *Bronaugh* dictates that the one-year statute of limitations was not tolled during the 90–day period that the Petitioner was permitted to file a Rule 26(B) application following the Ohio Court of Appeals' affirmance of his conviction on June 5, 1998. As in *Bronaugh,* the Petitioner cannot benefit from his delay in filing the application. Rather, as the Magistrate Judge noted, the statute of limitations is tolled only for the period of time that his application actually was pending. Likewise, based upon the same reasoning, the Petitioner cannot benefit from the 90–day period allowed for seeking a writ of certiorari following the Ohio Supreme Court's dismissal of his appeal from the lower court's denial of his Rule 26(B) application. Just as the Petitioner cannot benefit from the 90–day period allowed to file the application, he cannot benefit from the 90–day period allowed to seek post-denial review in the U.S. Supreme Court.

Although it may seem odd to treat a Rule 26(B) application as part of the "direct appeal process" for some purposes, while treating such an application as a collateral attack for statute of limitations purposes, the Magistrate Judge recognized that doing otherwise would "result in the complete evisceration of the statute of limitations for Ohio criminal defendants." (Doc. # 35 at 4). "Because there is no absolute time limit on a [Rule] 26(B) application, a defendant who had long since missed the one-year deadline under § 2244 could resurrect his right to file a habeas petition by filing a delayed application for reopening, then asserting that the statute of limitations did not start to run until that application was denied." (*Id.*). As a result, the *Bronaugh* court declined to toll the statute of limitations for the period of time *after* the petitioner's conviction became final but *before* he filed his Rule 26(B) application. *Bronaugh,* 235 F.3d at 286. The Sixth Circuit also ruled that the statute of limitations began running again immediately after the Ohio Supreme Court dismissed the petitioner's appeal from the Ohio Court of Appeals' denial of his Rule 26(B) application. *Id.*

Having reviewed *Bronaugh,* the Court agrees with the Magistrate Judge's observation that the Sixth Circuit has made "a [Rule] 26(B) application a hybrid animal: part of the direct appeal for counsel purposes, but having only the effect of tolling, not delaying, the statute of limitations, as if it were a collateral attack." (Doc. # 35 at 7).

In opposition to the foregoing conclusion, the Petitioner insists that by not tolling the statute of limitations for the 90 days that Ohio law allows him to file his Rule 26(B) petition, this Court "totally eviscerates" that 90–day period. (Doc. # 37 at 3). The Petitioner also argues that the Magistrate Judge has misconstrued *Bronaugh,* which purportedly did not consider whether the 90–day period for filing a Rule 26(B) application tolls the statute of limitations. (*Id.*). In addition, the Petitioner notes that *Bronaugh* merely assumed, but did not decide, that the statute of limitations is not tolled for the 90 days that a defendant may seek a writ of certiorari after the denial of his Rule 26(B) application. According to the Petitioner, "the bottom line" is that if a Rule 26(B) application is part of the "direct appeal

process," it must be treated as such for *all* purposes. (*Id.* at 4).

The Court finds the foregoing arguments to be unpersuasive. The analysis set forth herein does not deprive a criminal defendant of the 90 days that Ohio law provides for the filing of an application to reopen a direct appeal. It simply declines to toll the statute of limitations under the AEDPA until such an application is actually filed. Nor, having reviewed *Bronaugh*, can the Court agree that the Magistrate Judge has misconstrued the Sixth Circuit's ruling.[4] For the reasons set forth more fully, *supra*, the Court agrees with the Magistrate Judge's observation that *"Bronaugh* is a rational accommodation of the general language in § 2244[and] the particularities of Ohio practice." (Doc. # 35 at 7). In addition, the *Bronaugh* court properly assumed that the AEDPA statute of limitations is not tolled for 90 days after the Ohio Supreme Court dismisses an appeal from the denial of a Rule 26(B) application (in order to account for the time that a defendant may seek a writ of certiorari). Although the *Bronaugh* court declined to decide this issue definitively, its assumption is consistent with its refusal to allow a defendant to benefit from the 90–day period that Ohio law provides to file a Rule 26(B) application in the first instance. Just as a criminal defendant cannot benefit from the 90–day period allowed to file the application, he cannot benefit from the 90–day period allowed to seek review on certiorari. Finally, based on the reasoning set forth above, the Court simply disagrees with the Petitioner's argument that a Rule 26(B) application must be treated as part of the "direct appeal process" for all purposes. This assertion is contrary to the Sixth Circuit's analysis in *Bronaugh*, and, as explained more fully, *supra*, the Magistrate Judge has identified cogent reasons for *not* treating a Rule 26(B) application as part of the "direct appeal process" for statute of limitations purposes.

## II. *Conclusion*

Based on the reasoning and citation of authority set forth above, the Court overrules the Petitioner's Objections (Doc. 31, 37) to the Magistrate Judge's Substituted Report and Recommendations (Doc. # 28) and the Supplement to his Substituted Report and Recommendations (Doc. # 35). The Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (Doc. # 7) is sustained.

Judgment will be entered in favor of the Respondent and against the Petitioner.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

4. The Petitioner contends that the *Bronaugh* court did not consider tolling the statute of limitations prior to the filing of the Rule 26(B) application in that case, because the defendant-petitioner therein filed "an intervening document." (Doc. # 37 at 3). This "intervening document" was a separate motion for delayed appeal. *See Bronaugh*, 235 F.3d at 282. That filing appears to have been irrelevant to the Sixth Circuit's analysis. The defendant-petitioner in *Bronaugh* filed the motion for delayed appeal in the Ohio Supreme Court on June 19, 1996. The Ohio Supreme Court overruled the motion on July 31, 1996. As noted, *supra*, however, the *Bronaugh* court did not even *start* the running of the one-year statute of limitations until nearly six weeks later on September 10, 1996. *Bronaugh*, 235 F.3d at 286. Consequently, the "intervening document" mentioned by the Petitioner appears to have had no impact whatsoever on the Sixth Circuit's analysis.