*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0416P (6th Cir.)
File Name: 00a0416p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

D'JUAN BRONAUGH,
     *Petitioner-Appellant,*

     *v.*

STATE OF OHIO,
     *Respondent-Appellee.*

No. 99-3886

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 98-00549—S. Arthur Spiegel, District Judge.

Argued: September 20, 2000

Decided and Filed: December 19, 2000

Before: JONES and MOORE, Circuit Judges; MATIA,
Chief District Judge.[*]

———————————

**COUNSEL**

**ARGUED:** Paul Mancino, Jr., MANCINO, MANCINO &
MANCINO, Cleveland, Ohio, for Appellant. Laurence R.
Snyder, OFFICE OF THE ATTORNEY GENERAL OF

———————————

[*] The Honorable Paul R. Matia, Chief United States District Judge for
the Northern District of Ohio, sitting by designation.

1

OHIO, CORRECTIONS LITIGATION SECTION, Cleveland, Ohio, for Appellee. **ON BRIEF:** Paul Mancino, Jr., MANCINO, MANCINO & MANCINO, Cleveland, Ohio, for Appellant. Laurence R. Snyder, OFFICE OF THE ATTORNEY GENERAL OF OHIO, CORRECTIONS LITIGATION SECTION, Cleveland, Ohio, for Appellee.

MOORE, J., delivered the opinion of the court, in which JONES, J., joined. MATIA, D. J., concurred in the judgment only.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge. D'Juan Bronaugh, an Ohio prisoner who was convicted of aggravated murder in 1995, appeals the federal district court's dismissal of his petition for habeas corpus relief as time-barred under the one-year statute of limitations of 28 U.S.C. § 2244(d). Bronaugh filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was ultimately transferred to the U.S. District Court for the Southern District of Ohio. Bronaugh raised nine claims in his habeas petition, including ineffective assistance of trial and appellate counsel and several claims alleging that his due process right to a fair trial was violated. Respondent, the State of Ohio ("State"), moved to dismiss Bronaugh's petition as both procedurally defaulted and time-barred. While the district court did not agree that Bronaugh had procedurally defaulted his claims at the state court level, it granted the State's motion to dismiss on the grounds that Bronaugh's habeas petition was filed beyond the one-year statute of limitations of § 2244(d).[1] As part of the district

_____

[1] The district court, following the State's motion to amend the district court's judgment on the issue of procedural default, vacated its order denying the State's motion to dismiss on procedural default grounds, but still refused to grant the State's motion to dismiss on the grounds of procedural bar. Instead, the court relied solely on its prior holding that

court's order dismissing Bronaugh's habeas petition as untimely, the court granted a certificate of appealability "solely with respect to the issue addressed in this order as to whether the instant habeas corpus petition is barred from review under Sec. 2244(d)." Joint Appendix ("J.A.") at 192 (District Court's Order Dismissing Habeas Petition). Thus, this court will only address the question of whether Bronaugh's habeas petition was timely filed. For the reasons set forth below, we **REVERSE** the district court's holding that Bronaugh's habeas petition is barred by the one-year statute of limitations set forth in § 2244(d), and **REMAND** to that court for further proceedings.

## I. BACKGROUND

On June 3, 1994, a Hamilton County, Ohio grand jury returned an indictment charging D'Juan Bronaugh with one count of aggravated murder with a firearm specification. On May 3, 1995, a jury found Bronaugh guilty of aggravated murder with a firearm specification and he was sentenced to life imprisonment. The Ohio Court of Appeals affirmed his conviction on April 24, 1996.

Following the judgment of the court of appeals, Bronaugh's appointed counsel failed to make a timely appeal to the Supreme Court of Ohio because his appeal omitted a copy of the court of appeals opinion and the judgment entry being appealed, as required by Ohio Sup. Ct. R. III, § 1(D). Following the Ohio Supreme Court's denial of his subsequent motion for delayed appeal, Bronaugh filed in the state court of appeals an application to reopen his direct appeal due to ineffective assistance of appellate counsel pursuant to Ohio R. App. P. 26(B).[2]    The Ohio Court of Appeals denied

_____

Bronaugh's habeas petition was time-barred as the basis of its dismissal.

[2]Ohio R. App. P. 26(B)(1) states:
> A defendant in a criminal case may apply for reopening of the
> appeal from the judgment of conviction and sentence, based on
> a claim of ineffective assistance of appellate counsel. An

Bronaugh's application as untimely, stating that he did not show good cause for filing his application more than ninety days after journalization of that court's judgment, as required by Rule 26(B). The Supreme Court of Ohio dismissed Bronaugh's appeal of the denial of his Rule 26(B) application as "not involving any substantial constitutional question." J.A. at 178.

The timing of various events in this case's complicated procedural history is vital to determining whether Bronaugh's habeas petition is timely under § 2244(d). Those events are detailed in the following procedural timeline:

May 3, 1995:         Bronaugh is sentenced after being found guilty of aggravated murder with a firearm specification.

April 24, 1996:      Ohio Court of Appeals affirms Bronaugh's conviction.

June 10, 1996:       Bronaugh's time for filing an appeal to the Supreme Court of Ohio expires.

June 19, 1996:       Bronaugh files in the Supreme Court of Ohio a motion for delayed appeal.

July 31, 1996:       Supreme Court of Ohio denies motion for delayed appeal.

April 7, 1997:       Bronaugh files in the Ohio Court of Appeals a Rule 26(B) application to reopen his direct appeal.

October 21, 1997:    Ohio Court of Appeals denies Bronaugh's application to reopen his

application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

With this in mind, we now specifically examine the timeliness of Bronaugh's federal habeas corpus petition. As discussed earlier, because § 2244(d)(1)(A)'s one-year statute of limitations does not begin to run until after the time for seeking a writ of certiorari from the United States Supreme Court has expired, Bronaugh's one-year period of limitations did not begin to run until September 10, 1996. A total of 209 days passed from September 10, 1996 to April 7, 1997 before Bronaugh filed his Rule 26(B) application to reopen his direct appeal with the Ohio Court of Appeals. All of that time is counted toward his one-year period of limitations. After the Ohio Court of Appeals denied Bronaugh's application, he appealed that denial to the Supreme Court of Ohio. The Ohio Supreme Court dismissed his appeal on January 28, 1998. On January 29, 1998, the one-year period of limitations began to run again. *See* Fed. R. Civ. P. 6(a). From January 29, 1998 to June 30, 1998, the date Bronaugh filed his federal habeas petition, a total of 153 days passed. Thus, after tolling that period of time in which Bronaugh's Rule 26(B) application to reopen direct appeal was considered by the Ohio courts, only 362 days passed between the completion of direct review and the filing of Bronaugh's federal habeas corpus petition. This meets the one-year (365-day) statute of limitations in § 2244(d)(1)(A), and Bronaugh's habeas corpus petition is timely.

### III. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's order dismissing Bronaugh's habeas petition as untimely under § 2244(d), and **REMAND** to that court for further proceedings.

We follow the *White* court's express holding that Rule 26(B) applications to reopen direct appeal are part of the direct appeal process.[9] *See id*. Given the clear statement in *White* that 26(B) applications are part of direct review, a discussion of whether an untimely Rule 26(B) application is a "properly filed" application for post-conviction relief is unnecessary. Instead, because § 2244(d)(1)(A) states that the one-year period of limitations will not run until the "conclusion of direct review[,]" and because we have held in *White* that Rule 26(B) applications are part of direct review, the statute of limitations should not run during the time in which Bronaugh's Rule 26(B) application was pending in the Ohio courts. It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.[10]

---

[9]Under 6th Cir. R. 206, published panel opinions are binding on all subsequent panels. To the extent this circuit's unpublished order in *Morgan v. Money*, No. 99-3251, 2000 WL 178421 (6th Cir. Feb. 8, 2000), contradicts *White*'s holding, it is not binding on this court. Nor does the dicta in *Scott v. Mitchell*, 209 F.3d 854, 862 (6th Cir. 2000), labeling Rule 26(B) applications as post-conviction proceedings, reduce the precedential force of *White*. In *Isham*, 226 F.3d at 693-94, the defendant argued that his Rule 26(B) application, although untimely, was a properly filed application for state post-conviction review under § 2244(d)(2). The *Isham* court, given the facts of that case, found it unnecessary to address the issue of whether the defendant's Rule 26(B) application was properly filed, nor was it necessary for the court to address whether Rule 26(B) applications are a part of the direct appeal. *See id*. Of course, the *Isham* court was also bound by the earlier *White* decision.

[10]We assume, without deciding, that Bronaugh cannot toll § 2244(d)(1)(A)'s statute of limitations for an additional ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court following the Ohio Supreme Court's denial of his Rule 26(B) application.

---

appeal, stating that he did not show good cause for filing his application more than ninety days after the Court of Appeals's judgment was first journalized.

December 2, 1997:  Bronaugh appeals the denial of his Rule 26(B) application to the Supreme Court of Ohio.

January 28, 1998:  Supreme Court of Ohio dismisses Bronaugh's appeal of his Rule 26(B) application.

June 30, 1998:  Bronaugh files petition for habeas corpus relief in the U.S. District Court for the Northern District of Ohio. Bronaugh's petition is transferred to the Southern District of Ohio on July 28, 1998.

November 4, 1998:  State of Ohio files motion to dismiss Bronaugh's habeas corpus petition.

December 8, 1998:  District court grants State's motion to dismiss on the grounds that Bronaugh's petition was filed outside the one-year statute of limitations as imposed by § 2244(d).

Bronaugh then appealed the district court's dismissal of his habeas corpus petition to this court.

## II. ANALYSIS

This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall*, 212 F.3d 940, 941 (6th Cir. 2000). Because Bronaugh's habeas petition was filed after the Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996, the provisions of that act apply to this case. AEDPA states that a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Whether Bronaugh's petition for federal habeas corpus is timely hinges, in part, on when the one-year statute of limitations under § 2244(d) first begins to run. This circuit has recently decided in *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), that, under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired.[3] A criminal defendant has only ninety days following the entry of

---

[3] In *Isham*, the court held that, when seeking post-conviction relief under § 2244(d)(2), the one-year period of limitations is not tolled during that "time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court [ ] following a state court's denial of post-conviction relief." *Isham*, 226 F.3d at 695. In arriving at this conclusion, the court compared the language of § 2244(d)(1)(A), the provision dealing with when the statute of limitations should begin to run following direct review, with the language of the post-conviction provision, § 2244(d)(2). The court noted that § 2244(d)(1)(A) states that the one-year statute of limitations "begins to run on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (quoting § 2244(d)(1)(A)). The court, acknowledging that other courts have concluded this language to mean that the statute of limitations should not run following direct review until after the time for petitioning for a writ of certiorari with the United States Supreme Court has expired, stated that, because § 2244(d)(2) did not contain similar language to § 2244(d)(1)(A), it was "clear that Congress intended to exclude potential Supreme Court review as a basis for tolling the one year limitations period" during post-conviction proceedings. *Id.*

---

§ 2244(d)(2).[8] If not properly filed, the State argues, then the time spent from the filing of the Rule 26(B) application with the Ohio Court of Appeals until it was denied by the Supreme Court of Ohio cannot toll the one-year period of limitations. *See* Appellee's Br. at 20-23.

If a Rule 26(B) application to reopen direct appeal is considered part of the direct review process, however, then there is no need to analyze whether it is a "properly filed application for State post-conviction or other collateral review." § 2244(d)(2). Instead, if a Rule 26(B) application is part of the direct appeal, then § 2244(d)(1)(A) is the relevant limitations provision. Moreover, because § 2244(d)(1)(A) states that the one-year period of limitations should not run until the "conclusion of direct review[,]" the statute of limitations could not continue to run while a defendant's Rule 26(B) application to reopen direct appeal was being considered by the Ohio appellate courts.

This court's classification of Rule 26(B) applications is controlled by the recent Sixth Circuit precedent of *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), *cert. denied*, 121 S. Ct. 332 (2000). In *White*, this circuit analyzed whether a criminal defendant was entitled to effective assistance of counsel through the course of filing a Rule 26(B) application for ineffective assistance of appellate counsel. *See id*. at 752-53. The court reasoned that, because Ohio courts did not consider an attack on the adequacy of appellate counsel to be proper in a state habeas proceeding, *see State v. Murnahan*, 584 N.E.2d 1204, 1208 (Ohio 1992), a Rule 26(B) application claiming ineffective assistance of appellate counsel must still be a part of the activities related to the direct appeal itself. *See White*, 201 F.3d at 752-53. Thus, the court explained that if a Rule 26(B) application was part of the direct appeal, then the defendant still has a right to effective assistance of counsel "throughout all phases of that stage." *Id*. at 753.

---

[8] Bronaugh's conviction was affirmed by the Ohio Court of Appeals on April 24, 1996. He failed to file his Rule 26(B) application until April 7, 1997.

Supreme Court was September 9, 1996. Section 2244(d)(1)(A)'s one-year statute of limitations begins to run at the "expiration of the time for seeking" direct review, which is September 9, 1996, and because Rule 6(a) states that "the day of the act, event, or default from which the designated period of time begins to run shall not be included[,]" Bronaugh's one-year statute of limitations began to run on September 10, 1996. If nothing tolled Bronaugh's statute of limitations, the last day on which he could have filed for habeas relief would have been September 9, 1997. *See* Fed. R. Civ. P. 6(a). Bronaugh, however, did not file his petition for habeas relief with the district court until June 30, 1998. Thus, the question of whether Bronaugh's Rule 26(B) application to reopen direct appeal tolled § 2244(d)'s statute of limitations is crucial to determining the timeliness of his habeas petition.

The State argues that we should consider Bronaugh's Rule 26(B) application to reopen direct appeal as a form of post-conviction or collateral review. *See* Appellee's Br. at 20. If treated as a form of post-conviction or other collateral review, then this court, under § 2244(d)(2), must ask whether Bronaugh "properly filed" his Rule 26(B) application so as to toll the one-year statute of limitations under § 2244(d)(1).[7] *See* § 2244(d)(2). The State claims that, because Bronaugh failed to comply with Ohio R. App. P. 26(B) by filing his application to reopen direct appeal more than ninety days after the journalization of the Ohio Court of Appeals's judgment affirming his conviction, and because he failed to show good cause for filing late, Bronaugh's application to reopen his appeal was not "properly filed" as required under

---

[7] Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

judgment by the "state court of last resort" in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.

In this case, the State contends that the last day on which Bronaugh could file an appeal of his conviction to the Supreme Court of Ohio was June 10, 1996. *See* Appellee's Br. at 16. It was on June 10, 1996 that Bronaugh's appointed counsel filed an appeal with the Ohio Supreme Court, only to have it rejected by that court's assignment clerk for failure to comply with the court's administrative requirement that a copy of the court of appeals opinion and judgment entry being appealed be included in the filing. *See* Ohio Sup. Ct. R. III, § 1(D). The United States Supreme Court, pursuant to 28 U.S.C. § 1257(a), only has jurisdiction over those state court cases in which final judgments or decrees have been rendered "by the highest court of a State in which a decision could be had." The U.S. Supreme Court has held in a previous case that a similar action by the Clerk of the Supreme Court of Ohio, who refused to file an appeal when the petitioner failed to include the mandatory docket and filing fees, constituted a final judgment over which the U.S. Supreme Court could assert its jurisdiction pursuant to 28 U.S.C. § 1257.[4] *See*

---

[4] Even if we assume that the United States Supreme Court would hold that the Ohio Supreme Court's filing requirements constitute an adequate and independent state procedural ground that precludes it from hearing Bronaugh's appeal, Bronaugh would still have the right to petition for a writ of certiorari with the United States Supreme Court to challenge whether this rule is indeed independent and adequate to support the judgment without consideration of any federal questions. The Supreme Court has held consistently that the determination of whether a state procedural ground is adequate and independent to support a state court judgment is a federal question that the Supreme Court itself must decide. *See Henry v. Mississippi*, 379 U.S. 443, 447 (1965); *Abie State Bank v. Weaver*, 282 U.S. 765, 773 (1931). The Supreme Court has also stated that the procedural grounds used by state courts to dispose of cases will "not prevent vindication of [ ] federal rights unless the State's insistence on compliance with its procedural rule[s] serve[] a legitimate state interest." *Henry*, 379 U.S. at 447. The Supreme Court, in reviewing a case dismissed due to a procedural violation similar to that in Bronaugh's case, granted a petition for a writ of certiorari and held that, even though petitioners failed to certify the circuit court record, as required by Florida

*Burns v. Ohio*, 360 U.S. 252, 256-57 (1959).  Thus, if, as the State contends, Bronaugh's time for filing an appeal to the Supreme Court of Ohio expired on June 10, 1996, and further assuming that the assignment clerk of the Ohio Supreme Court rejected Bronaugh's appeal on this same day,[5] then the ninety-day period in which to petition for a writ of certiorari with the United States Supreme Court would begin to run on June 11, 1996.[6]  *See* Sup. Ct. R. 30 (stating that, in calculating the ninety-day window in which to file a petition for a writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included").  Bronaugh's ninety-day window in which to file a petition for a writ of certiorari in the United States Supreme Court ended on Sunday, September 8, 1996, yet Supreme Court Rule 30 also states that the last day of the filing period shall be included unless it is a Saturday, Sunday, or federal legal holiday.  Thus,

---

court rules, when they submitted it with an otherwise timely petition for a writ of certiorari in the Florida District Court of Appeals, this procedural ground was not adequate to bar the United States Supreme Court from reviewing the case.  *See Parrot v. City of Tallahassee*, 381 U.S. 129 (1965).  Thus, because Bronaugh could challenge in a petition for a writ of certiorari the adequacy and independence of the state procedural ground invoked to prevent his otherwise timely appeal, the one-year statute of limitations in § 2244(d)(1)(A) should not begin to run until expiration of the ninety-day period in which he could have petitioned for a writ of certiorari.

[5] The assignment clerk's letter notifying Bronaugh's counsel of the defective appeal was dated June 11, 1996.

[6] We assume, without deciding, that the ninety-day period in which to petition for a writ of certiorari in the United States Supreme Court began the day after Bronaugh's counsel failed to file a timely appeal to the Supreme Court of Ohio, as opposed to the day after Bronaugh's motion for delayed appeal was denied by the Ohio Supreme Court.  As will be discussed in more detail below, whether the ninety-day period began to run on the day after Bronaugh's appeal to the Supreme Court of Ohio was determined defective (June 11, 1996), or on the day after the Supreme Court of Ohio denied his motion for delayed appeal (August 1, 1996), so long as the time during which his Rule 26(B) application was filed and appealed is tolled, Bronaugh's habeas petition would be timely.

---

the last day on which Bronaugh could have filed a petition for a writ of certiorari in the United States Supreme Court was Monday, September 9, 1996.  *See* Sup. Ct. R. 30.

If the last day on which Bronaugh could petition for a writ of certiorari was September 9, 1996, the next question this court must address is whether § 2244(d)'s one-year statute of limitations begins to run on the very same day, or not until the following day, September 10, 1996.  We will follow this circuit's unpublished opinion in *Gould v. Jackson*, No. 98-1743, 2000 WL 303002, at *1 (6th Cir. Mar. 14, 2000), as well as the decisions of several other circuits addressing the question, in applying Federal Rule of Civil Procedure 6(a)'s standards for computing periods of time to § 2244(d)'s one-year statute of limitations.  *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998); *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998).  *See also United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (applying Rule 6(a) to 28 U.S.C. § 2255's one-year statute of limitations); *Rogers v. United States*, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (same); *Moore v. United States*, 173 F.3d 1131, 1132-35 (8th Cir. 1999) (same).  Rule 6(a) states that "[i]n computing any period of time prescribed or allowed by these rules, . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."  In *Gould*, 2000 WL 303002, at *1, as well as in the decisions of the other circuits, Rule 6(a) was applied so as to start § 2244(d)'s statute of limitations on April 25, 1996, the day after AEDPA became effective, thus giving prisoners convicted before the effective date of AEDPA until April 24, 1997 to file a petition for federal habeas corpus relief, assuming there was no tolling.  *See Hernandez*, 225 F.3d at 439; *Flanagan*, 154 F.3d at 200-02; *Ross*, 150 F.3d at 103; *Marcello*, 212 F.3d at 1009-10; *Rogers*, 180 F.3d at 355 & n.13; *Moore*, 173 F.3d at 1132-35.

Now we will apply the principles of Rule 6(a) to this case.  As stated above, the last day on which Bronaugh could have filed a petition for a writ of certiorari in the United States