**Ralph J. HUTTON, III, Petitioner–Appellant,**

v.

**Anthony J. BRIGANO, Warden, Respondent–Appellee.**

No. 00–3738.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.[1]

---

1. The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

Ralph J. Hutton, III, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Hutton was convicted of seven counts of rape and was sentenced to seven consecutive life sentences. After exhausting his available state court remedies, Hutton filed his petition for a writ of habeas corpus with the district court contending that: 1) the trial court committed reversible error by allowing the prosecutor to admit into evidence a prior rape conviction; 2) he was prejudiced when the prosecution used evidence of a prior conviction in order to prove an element of the crime for which he was charged; and 3) his trial counsel was ineffective. The district court dismissed the petition for failure to file the petition within the one-year statute of limitations of 28 U.S.C. § 2244(d).

In his timely appeal, Hutton argues that his petition was not barred by the one-year statute of limitations of § 2244(d).

Hutton's petition was untimely. The factual history of Hutton's case is as follows:

| Date | Description |
| --- | --- |
| July 23, 1993 | Hutton was convicted and sentenced to seven consecutive life sentences. |
| August 30, 1995 | Ohio Court of Appeals affirms Hutton's convictions. |
| September 18, 1996 | Ohio Supreme Court dismisses Hutton's motion for a delayed appeal. |
| May 21, 1997 | Hutton files an application for delayed reconsideration under Ohio App. R. 26(B). |
| June 19, 1997 | Ohio Court of Appeals denies Rule 26(B) motion. |
| October 1, 1997 | Ohio Supreme Court dismisses Hutton's appeal of the denial of his Rule 26(B) motion. |
| October 25, 1998 | Hutton signs his habeas corpus petition. |
| December 28, 1998 | Hutton files his habeas corpus petition. |

In *Bronaugh v. Ohio*, 235 F.3d 280, 281 (6th Cir.2000), the court addressed the question of when a habeas petition is timely filed for purposes of § 2244(d). In *Bronaugh*, the court noted that the statute of limitations does not begin to run until ninety days after the state's highest court issues a decision regarding a prisoner's direct appeal. *Id.* at 282–84. The Ohio Supreme Court dismissed Hutton's request for a delayed appeal on September 18, 1996. Hutton then had until December 17, 1996, to file his certiorari petition with the United States Supreme Court. Therefore, the statute of limitations began to run on December 18, 1996.

Hutton filed his Rule 26(B) motion with the Ohio Court of Appeals on May 21, 1997. Under *Bronaugh*, the motion tolls the statute of limitations of § 2244(d). *Id.* at 285–86. From December 18, 1996, until May 21, 1997, 155 days passed. The Ohio Supreme Court entered its order denying Hutton's Rule 26(B) motion on October 1, 1997. Therefore, the statute of limitations began running on October 2, 1997.[2]

As the statute of limitations of § 2244(d) began to run again on October 2, 1997,

---

**2.** In *Bronaugh*, we did not decide whether § 2244(d)(1)(A)'s statute of limitations is tolled for an additional ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court following the Ohio Supreme Court's denial of a Rule 26(B) application. *Bronaugh*, 235 F.3d at 286 n. 10. Because Hutton's petition for habeas corpus relief would be untimely even if we tolled the one-year statute of limitations an additional ninety days, we need not decide this question here.

Hutton had 210 days remaining to file his habeas petition with the district court, or until April 29, 1998. However, Hutton did not file his petition until December 28, 1998. Therefore, Hutton's petition is barred by the applicable one-year statute of limitations of § 2244(d).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.