**Robert LINTON, Petitioner–Appellant,**

v.

**Mike RANDLE, Respondent–Appellee.**

**No. 00–4578.**

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

*ORDER*

Pro se Ohio prisoner Robert Linton appeals a district court judgment that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a)

In July 1994, Linton entered a plea of nolo contendere to five counts of rape and three counts of corruption of a minor. He was sentenced to the indeterminate term of ten-to-fifty years of imprisonment. Linton did not take a direct appeal, and he did not pursue state post-conviction relief or a belated appeal until five years later, in September 1999, when he filed a motion for a delayed appeal pursuant to Ohio R.App. P. 26(B). The Ohio appeals court allowed Linton to take a delayed appeal, but the court affirmed his convictions. The Ohio Supreme Court dismissed his subsequent appeal.

In June 2000, Linton filed the instant § 2254 petition. The district court dismissed Linton's petition as time-barred, but the court granted Linton a certificate of appealability on the following issue:

whether the Ohio Court of Appeals granting a motion for leave to take a delayed appeal after the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) otherwise would have run has the effect under § 2244(d)(1)(A) of restarting the running of the one-year state of limitations from "the date on which the judgment became final by conclusion of [delayed] direct review....."

In his timely appeal, Linton argues that the grant of a delayed appeal by the state court, and attendant notions of comity, should reset the § 2244(d)(1) clock at zero.

We review de novo the district court's determination that the petition was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999). Because Linton's habeas petition was filed after the effective date of the AEDPA, Linton had until April 24, 1997, to seek § 2254 relief in a timely manner. *See, e.g., Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000).

Linton made no challenge to his confinement of any kind in any forum until more than two years after the April 1997 deadline, when he filed his Rule 26(B) motion in

the Ohio appeals court. An Ohio Rule 26(B) proceeding, even an untimely one, is part of the direct appeal process under § 2244(d)(1)(A). *Bronaugh v. Ohio,* 235 F.3d 280, 285–86 (6th Cir.2000). Nevertheless, "the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts." *Id.* at 286 (footnote omitted). Section 2244(d)(1)(A)'s limitations period ran out before Linton filed his Rule 26(B) application.

Linton directs us to no authority to support his position that the appeals court's decision to consider his delayed appeal restarted the § 2244(d)(1) limitations period. *Bronaugh* specifically prohibits that result, *id.* at 286, and the importance of finality outweighs the questions of comity Linton advances as grounds for restarting the clock after he failed to diligently challenge his confinement. *See Williams v. Taylor,* 529 U.S. 420, 436–37, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Blackledge v. Allison,* 431 U.S. 63, 83, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (Powell, J., concurring).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.