**Joseph J. KONISKI, Petitioner–Appellant,**

v.

**John MORGAN, Warden, Respondent–Appellee.**

**No. 00–4268.**

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Joseph J. Koniski, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Koniski was found guilty of felonious assault on a peace officer. He was sentenced to eight to twenty-five years of incarceration. After filing several post-conviction proceedings in the state courts of Ohio, Koniski filed his habeas petition with the district court. The district court dismissed the petition as being barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

In his timely appeal, Koniski asserts that his petition is not barred by the applicable statute of limitations, that the district court erred in refusing to permit him to take a polygraph examination to establish his claim of actual innocence, that the district court erred in not allowing the record to be fully developed, that the district court erred in not allowing the production of a tape recording played at trial, and that the prosecutor engaged in misconduct.

The district court's judgment is reviewed de novo. *Bronaugh v. Ohio,* 235 F.3d 280, 282 (6th Cir.2000).

Upon review, we find that Koniski's petition was untimely. The factual history of Koniski's case is as follows:

| Date | Description |
|---|---|
| January 31, 1990 | Koniski was convicted and sentenced to eight to twenty-five years of imprisonment. |
| March 24, 1992 | Ohio Court of Appeals affirms Koniski's conviction on direct appeal. |
| October 21, 1996 | Post-conviction relief filed with the trial court. |
| January 8, 1997 | Motion for relief denied. |
| December 7, 1999 | Koniski files his habeas corpus petition. |

In *Bronaugh,* the court addressed the question of when a habeas petition is timely filed for purposes of § 2244(d). *Id.* at 281. We noted that the statute of limitations does not begin to run until ninety days after the state's highest court issues a decision regarding a prisoner's direct appeal. *Id.* at 282–84. Koniski's conviction became final before April 24, 1996, the effective date of § 2244(d). Koniski had one year from the effective date of the statute to file his habeas petition, or until April 24, 1997. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d ·244 (2000). Koniski filed his motion for post-conviction relief with the trial court on October 21, 1996. Under *Bronaugh,*

the motion tolls the statute of limitations of § 2244(d). *Bronaugh*, 235 F.3d at 285–86. From April 25, 1996, until October 21, 1996, 180 days passed. The trial court denied Koniski's motion on January 8, 1997. Therefore, the statute of limitations began running on January 9, 1997.

As the statute of limitations of § 2244(d) began to run again on January 9, 1997, Koniski had 185 days remaining to file his habeas corpus petition with the district court, or until July 13, 1997. However, Koniski did not file his petition until December 7, 1999. Therefore, Koniski's petition is barred by the applicable one-year statute of limitations of § 2244(d).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.