**Derek L. CANNON, Petitioner–Appellant,**

**v.**

**David JOHNSON, Warden, Respondent–Appellee.**

No. 00–4284.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Derek Cannon, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Cannon was convicted of aggravated murder and was sentenced to life in prison. After filing several post-conviction proceedings in the state courts of Ohio, Cannon's attorney filed a habeas petition in the district court on April 29, 1999. Cannon filed his own pro se habeas corpus petition on May 21, 1999. The district court consolidated the petitions and dismissed the petitions as being barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

In his timely appeal, Cannon asserts that his petitions are not barred by the applicable statute of limitations, that he presented indisputable evidence that he is actually innocent, and that he will show that extraordinary circumstances existed which made him unable to timely file his habeas petition.

The district court's judgment is reviewed de novo. *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir.2000).

Cannon's petitions were untimely. The factual history of Cannon's case is as follows:

| Date | Description |
| --- | --- |
| September 15, 1995 | Cannon was Convicted of Aggravated Murder |
| September 18, 1996 | Motion for New Trial Filed with Trial Court |
| October 30, 1996 | Trial Court Overruled Motion for New Trial; No Appeal Taken |
| January 29, 1997 | Motion to Vacate and Set Aside Sentence Filed with the Ohio Court of Appeals |
| February 26, 1997 | Ohio Court of Appeals Affirmed Conviction on Direct Appeal; No Appeal was Taken to the Ohio Supreme Court |
| March 24, 1997 | Ohio Court of Appeals Strikes Motion as Being Improperly Filed |
| April 12, 1997 | Last day Cannon had to File an Appeal with the Ohio Supreme Court |
| April 17, 1997 | Motion for an Extension of Time to File Post–Conviction Petition Filed in Trial Court |

| Date | Description |
|---|---|
| May 28, 1997 | Motion to Reopen Appeal Filed with the Ohio Court of Appeals |
| June 13, 1997 | Cannon Reiterates Request for Additional Time to File Post-Conviction Petition |
| July 28, 1997 | Motion for Extension of Time Denied by Trial Court |
| January 22, 1998 | Application to Reopen Denied by the Ohio Court of Appeals |
| March 9, 1998 | Cannon Appeals Ohio Court of Appeals Decision Denying Application to Reopen |
| March 23, 1998 | Second Motion for a New Trial Filed with the Trial Court |
| April 10, 1998 | Trial Court Denies the Motion for a New Trial |
| April 29, 1998 | Ohio Supreme Court Dismisses Appeal for Application to Reopen |
| May 1, 1998 | Cannon Appeals the Denial of the Motion for a New Trial to the Ohio Court of Appeals |
| March 10, 1999 | Ohio Court of Appeals Dismisses the Motion as Untimely |

In *Bronaugh,* we addressed the question of when a habeas petition is timely filed for purposes of § 2244(d). *Id.* at 281. We noted that the statute of limitations does not begin to run until ninety days after the state's highest court issues a decision regarding a prisoner's direct appeal. *Id.* at 282–84. Cannon did not file a direct appeal with the Ohio Supreme Court. His last day to file such an appeal was April 12, 1997. Therefore, the applicable one-year statute of limitations began to run on April 13, 1997. Cannon filed his motion to reopen his appeal on May 28, 1997. Under *Bronaugh,* the motion tolls the statute of limitations of § 2244(d). *Id.* at 285–86. From April 13, 1997, until May 28, 1997, forty-five days passed. The Ohio Supreme Court dismissed the motion on April 29, 1998. Therefore, the statute of limitations began running on April 30, 1998.

As the statute of limitations resumed to run on April 30, 1998, Cannon had 320 days remaining to file his habeas corpus petition with the district court, or until March 15, 1999. However, Cannon did not file his first petition until April 29, 1999. Cannon's pro se petition was filed even later on May 21, 1999. Therefore, Cannon's petitions are barred by the one-year statute of limitations of § 2244(d).

Cannon claims he satisfies the actual innocence exception to the statute of limitations. In the district court, Cannon's actual innocence argument involved allegations of improper shackling, defective jury instructions, and prosecutorial misconduct. The district court properly noted that these allegations do not bear on Cannon's actual innocence, but relate to the fairness of his trial. On appeal, Cannon is essentially attacking the credibility of witnesses' testimony and claiming prosecutorial misconduct. He also bases his credibility argument on documents presented to the trial court in his motion for a new trial on September 18, 1996. As these documents do not satisfy the requirements of § 2244(d)(1)(D), they do not waive the bar of the statute of limitations.

Cannon also asserts that he can establish cause sufficient to excuse the untimely filing of the petition. The statute of

limitations can be tolled. *Dunlap v. United States*, No. 99–6456, 2001 WL 473063, at *5 (6th Cir. May 7, 2001). To toll the statute, Cannon's position must be examined in light of these factors: 1) his lack of notice of the filing requirement; 2) his lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) his reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at *6. In his brief, Cannon blames his previous attorneys for failing to timely file his petition. However, this reason does not satisfy the requirements of *Dunlap*.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.