**Dennis Guy ERDMAN, Petitioner–Appellant,**

v.

**Robert J. KAPTURE, Respondent–Appellee.**

No. 00–1842.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.[*]

Dennis Guy Erdman, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Erdman pleaded guilty to operating a motor vehicle while under the influence of alcohol. Erdman was sentenced to one year of probation, a 180 day suspension of his license, and fines and court costs totaling $1,000. Erdman is currently incarcerated for a 1989 manslaughter conviction for which he is serving a sentence of six to fifteen years of imprisonment. Erdman is challenging his 1989 drunk driving conviction stating it improperly enhanced his 1989 manslaughter sentence. He also claims that the drunk driving conviction has adversely affected his parole consideration. The district court dismissed the petition as meritless.

In his timely appeal, Erdman argues that his guilty plea was not voluntarily and intelligently entered, that his attorney was ineffective, and that the trial court's failure to inform him of his right to appeal the guilty plea was not harmless error.

The district court's judgment is reviewed de novo. *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir.2000).

Erdman's petition is untimely. On March 16, 1989, Erdman pleaded guilty to operating a motor vehicle while under the influence of alcohol. On May 30, 1989, Erdman was sentenced. No direct appeal of the conviction was taken by Erdman. On June 8, 1993, the trial court denied Erdman's motion to vacate his sentence.

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

On March 1, 1994, Erdman's motion for relief from judgment was denied.

On May 27, 1998, Erdman filed his second motion for relief from judgment, a motion to withdraw his guilty plea, and a motion for the appointment of counsel with the trial court. On June 17, 1998, the motions were denied. On October 20, 1999, the Michigan Court of Appeals denied Erdman's delayed application for leave to appeal. On October 26, 1999, the Michigan Supreme Court denied Erdman's delayed application for leave to appeal. On September 2, 1999, Erdman filed his habeas corpus petition with the district court.

In *Bronough*, this court addressed the question of when a habeas corpus petition is timely filed for the purposes of § 2244(d). *Id.* at 281. The court noted that the statute of limitations does not begin to run until ninety days after the state's highest court issues a decision regarding a prisoner's direct appeal. *Id.* at 282–84. Erdman's conviction became final before April 24, 1996, the effective date of § 2244(d). Therefore, Erdman had one year from the effective date of the statute to file his habeas petition, or until April 24, 1997. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Erdman did not file any postconviction relief with the state courts which would have tolled the statute of limitations of § 2244(d) prior to April 24, 1997. *See Bronaugh*, 235 F.3d at 285–86.

As the statute of limitations of § 2244(d) began to run on April 24, 1996, Erdman had until April 24, 1997, to file his habeas corpus petition challenging his drunk driving conviction. However, Erdman did not file his petition until September 22, 1999. Therefore, Erdman's petition is untimely.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.