**Jesus ABREU, Petitioner–Appellant,**

v.

**Stephen J. HUFFMAN, Warden, Respondent–Appellee.**

No. 00–3305.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2001.

Before DAUGHTREY, GILMAN, and

GIBSON,* Circuit Judges.

PER CURIAM.

The district court denied Jesus Abreu's petition for a writ of habeas corpus on grounds that the petition was filed in an untimely manner and that Abreu procedurally defaulted his stated claims. Before this court, the petitioner argues that his application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure effectively tolled the habeas corpus statute of limitations so as to render his federal filing timely. Furthermore, Abreu asserts that this court should not consider his claims procedurally defaulted because the state procedural requirement that he is alleged to have ignored is incapable of consistent application. Although we conclude that Abreu's petition should not have been dismissed as untimely, we further conclude that all claims raised in that petition have been procedurally defaulted. We therefore affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Following his convictions in Ohio state court on four counts of aggravated drug trafficking, Abreu was sentenced to an effective prison term of 35 years to life. With the assistance of counsel, he then appealed his convictions to the Ohio Court of Appeals, raising only the following two issues:

1. Jesus Abreu's convictions were against the manifest weight of the evidence.

2. Jesus Abreu was denied his constitutional right to a fair trial before a jury, when the trial court refused to give his requested jury instruction.

The intermediate state appellate court found no merit to the allegations and affirmed the convictions in an opinion journalized on May 5, 1997. Abreu's subsequent appeal to the Ohio Supreme Court listed only one "proposition of law" for consideration by the state's highest court:

> When the trial court refuses to give a requested jury instruction that correctly states the law, the defendant is denied his constitutional right to a fair trial before a jury.

That appeal was denied on September 3, 1997 "as not involving any substantial constitutional question."

On December 26, 1997, more than seven months after the journalization of the Ohio Court of Appeals decision on direct review, Abreu filed an application pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure in the Ohio Court of Appeals. In that application, the petitioner sought to reopen his direct appeal on grounds that his appellate attorney had been ineffective in failing to challenge: (1) the sufficiency of the convicting evidence; (2) the double jeopardy implications of the prison sentence imposed by the trial court; (3) the lack of bifurcation of the trial; (4) various instances of prosecutorial misconduct; (5) the state's lack of jurisdiction; and (6) double sentencing for essentially the same crime. On March 19, 1998, the Ohio Court of Appeals denied the application, holding that Abreu had "failed to establish good cause for filing beyond the time limits set forth in App. R. 26(B)," and further noting that "[e]ven if good cause were found to exist, a substantive review of applicant's ... proposed assignments of error fails to demonstrate a viable claim of ineffective assistance of appellate counsel." The Ohio

---

* The Hon. John R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Supreme Court denied further review of the Rule 26(B) application on June 3, 1998.

With all efforts to obtain relief in Ohio state courts having proved unavailing, Abreu filed his petition for writ of habeas corpus relief in federal district court on December 22, 1998. In his petition, he raised various allegations of error that had been made in some, but not all, of Abreu's prior state court filings. Specifically, he claimed that he had been denied the effective assistance of appellate counsel, that he had been subjected to double jeopardy, that the evidence adduced at trial was insufficient to support his conviction, that prosecutorial misconduct had infected his trial, and that the trial had been rendered fundamentally unfair by the trial judge's refusal to bifurcate elements of the proceedings.

The State of Ohio responded to the petition by seeking dismissal of the matter because of Abreu's failure to comply with the one-year statute of limitations applicable to actions filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996). *See* 28 U.S.C. § 2241(d)(1)(A). The matter was initially referred to a magistrate judge, who concluded that the habeas corpus petition was, in fact, timely filed, but nevertheless suggested that all claims raised by the petitioner had been procedurally defaulted. The magistrate judge thus recommended that the petition be dismissed.

The district court refused to adopt the report and recommendation in its entirety. First, the district judge noted that 28 U.S.C. § 2241(d)(2) tolls the applicable one-year statute of limitations only for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." According to the district court's analysis, because Abreu's application to reopen his direct appeal was not filed within 90 days of journalization of the appellate court decision, and because the petitioner had failed to establish "good cause" for the delay in initiation of the proceeding, that application was not "properly filed" and, therefore, could not toll the statute of limitations, which thus expired on December 2, 1998, 20 days prior to Abreu's filing. In any event, the district court found that the petitioner had procedurally defaulted all his claims, even if the petition had been timely filed. Although the district judge thus denied the petition for habeas corpus relief, she granted Abreu a certificate of appealability "on the issue of whether an Ohio application for delayed reopening under Ohio R.App. 26(B) is 'properly filed' within the meaning of 28 U.S.C. § 2244(d) when the Ohio Court of [A]ppeals has decided that there was no good cause for delay." Upon motion of the petitioner, we granted an expanded certificate of appealability allowing Abreu to address the issue of whether he had procedurally defaulted his claims in state court. *See Abreu v. Huffman*, No. 00–3305 (6th Cir. Apr. 13, 2000) (unpublished order).

## DISCUSSION

### I. Statute of Limitations Challenge

■ Abreu's petition for habeas corpus relief was filed after the April 24, 1996, effective date of AEDPA; therefore, this court must look to the provisions of that act to resolve the issues raised in this appeal. Pursuant to the relevant sections of AEDPA, "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That section further provides, in relevant part, that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expira-

tion of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The time for Abreu to petition the United States Supreme Court for a writ of certiorari on direct review ended on December 2, 1997, 90 days after the Ohio Supreme Court's refusal to accept jurisdiction over the direct appeal of the petitioner's conviction and sentence. Consequently, the petitioner's one-year limitations period began the next day, *see* Fed.R.Civ.P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir.2000), giving Abreu until December 2, 1998, to file his habeas corpus petition with the district court. Because the district court found that the petition was not filed until December 22, 1998, it ruled the petition untimely and denied habeas corpus relief.

Not all petitions filed more than one year after the conclusion of direct review are, however, necessarily untimely. Pursuant to the provisions of 28 U.S.C. § 2244(d)(2), the limitations period is tolled for that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In this case, Abreu filed a Rule 26(B) application for delayed reopening of his direct appeal on December 26, 1997. The district court refused to deduct from the one-year filing period the 159 days between the December 26, 1997, application and June 3, 1998, when Abreu's Rule 26(B) application was pending before the Ohio courts. The district court's decision was based upon its belief that § 2244(d)(2) exempts only those days when *properly filed* collateral matters are awaiting resolution by state courts. Because the district judge concluded that Abreu's Rule 26(B) application was not filed within the designated 90–day period, and because the petitioner offered no "good cause" for the delay, the court refused to consider the application "properly filed."

Exactly one week prior to the filing of the district court ruling in this matter, however, this court released its opinion in *White v. Schotten*, 201 F.3d 743 (6th Cir.), *cert. denied*, 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000). In that case, the court examined the provisions of Rule 26(B) and Ohio case law interpreting the rule before determining that the proceedings envisioned by Rule 26(B) were *not* post-conviction proceedings, nor were they properly termed state habeas corpus matters. *Id.* at 752. Rather, this court determined that an application for delayed reconsideration "must be a continuation of activities related to the direct appeal itself." *Id.*

Given this court's holding in *White*, the district court erred in considering Abreu's Rule 26(B) application a post-conviction or other collateral matter that must be "properly filed" in order to toll the statute of limitations period of 28 U.S.C. § 2244(d)(1). As this court has now stated explicitly:

> If a Rule 26(B) application to reopen direct appeal is considered part of the direct review process, however, then there is no need to analyze whether it is a "properly filed application for State post-conviction or other collateral review." § 2244(d)(2). Instead, if a Rule 26(B) application is part of the direct appeal, then § 2244(d)(1)(A) is the relevant limitations provision. Moreover, because § 2244(d)(1)(A) states that the one-year period of limitations should not run until the "conclusion of direct review[,]" the statute of limitations could not continue to run while a defendant's Rule 26(B) application to reopen direct appeal was being considered by the Ohio appellate courts.

*Bronaugh*, 235 F.3d at 285.

Consequently, Abreu's Rule 26(B) application need not have been "properly filed"

to toll the running of the habeas corpus statute of limitations in this matter. Thus, only 23 days of the petitioner's limitations clock expired between December 3, 1997, and the December 26, 1997, filing of his Rule 26(B) application. The running of the clock was then tolled until June 3, 1998, when the Ohio Supreme Court finally denied the petitioner's application to exercise jurisdiction over the reopening request. Between June 4, 1998, when the clock again began running, and the December 22, 1998 filing date of Abreu's habeas corpus petition, only an additional 200 days elapsed. The petition in this matter was, therefore, timely filed in accordance with the requirements of 28 U.S.C. § 2244(d).

## II. Procedural Default Analysis

■ The issues raised by Abreu in his habeas corpus petition were not included in the petitioner's direct review challenges before the Ohio Court of Appeals or the Ohio Supreme Court. Generally, however, petitioners are required to exhaust all available remedies offered by the state of incarceration prior to applying to the federal courts for habeas corpus relief. *See* 28 U.S.C. §§ 2254(b) and (c). Moreover, should the state courts rely upon state procedural rules to deny relief, such a determination will be considered "an adequate and independent state ground for the decision so as to foreclose review of any federal constitutional claims." *Gravley v. Mills,* 87 F.3d 779, 784 (6th Cir.1996) (citing *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

In this matter, the State of Ohio asserts that Abreu procedurally defaulted each of his claims for habeas corpus relief. Specifically, the State contends that the issues now raised by the petitioner appear only in his Rule 26(B) application alleging ineffective assistance of appellate counsel and that the filing was ultimately dismissed by the Ohio Court of Appeals as untimely.

Thus, the State insists that the appellate court decision on the Rule 26(B) application was a procedural ruling that now bars federal court analysis of the issues raised.

The mere assertion of procedural default by the respondent does not, however, justify abdication of federal court oversight of allegations of constitutional violations. Rather, in such situations, this court must engage in a four-part analysis to determine:

> (1) whether there is a procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to follow this rule; (2) whether the state courts actually enforced the state procedural rule; (3) whether the state procedural rule is an adequate and independent state ground to foreclose federal relief; and if so (4) whether the petitioner has established cause for his failure to follow the rule and prejudice by the alleged constitutional error.

*White,* 201 F.3d at 749 (citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986)).

Without question, Rule 26(B)'s requirement that an application to reopen the direct appeal be filed within 90 days of the journalization of that decision is a stated procedural rule that Abreu failed to follow. Moreover, the state courts of Ohio actually enforced that rule by rejecting the petitioner's application on those very procedural grounds. Before this court, however, Abreu contends that procedural default analysis was improperly applied by the district court because the mandate that the Rule 26(B) application be filed in the designated 90-day period is not "an adequate and independent state ground to foreclose federal relief."

A state procedural rule "is adequate if it is regularly or consistently applied by the state court, and is independent if it does not depend[ ] on a federal constitutional ruling." *Id.* at 751 (citations and internal

quotation marks omitted). As did the petitioner in *White,* Abreu contends that Rule 26(B) cannot be considered firmly established or uniformly applied because the rule explicitly allows for deviation from the timing requirements for "good cause" and "the state courts have not achieved consensus on what constitutes 'good cause' to excuse non-compliance with Rule 26(B)." *Id.* In fact, in *White,* this court noted the inconsistent application of the "good cause" exception but, nevertheless, recognized "that the rule is relatively new and acknowledge[d] that it may take some time for the Ohio courts to achieve consensus." *Id.*

As "good cause," or as an explanation for his late filing of the Rule 26(B) application, Abreu asserts that he was, for many months, denied access to a transcript of his trial that would have allowed him to formulate his allegations of ineffective assistance of appellate counsel. Since this court's decision in *White,* however, the Ohio Court of Appeals has had numerous opportunities to examine other petitioners' claims that lack of access to trial transcripts justified dilatory Rule 26(B) filings. Those intermediate state appellate court decisions have universally concluded "that the inability to obtain transcripts is not a sufficient basis for the untimely filing of an application for reopening." *State v. Chandler,* 2001 WL 931661 at *1 (Ohio Ct.App. Aug. 13, 2001). *See, e.g., State v. Sanchez,* 2001 WL 931654 at *1 (Ohio Ct.App. Aug. 16, 2001); *State v. Frazier,* 2001 WL 740010 at *1 (Ohio Ct.App. June 14, 2001); *State v. Lee,* 2001 WL 534151 at *1 (Ohio Ct.App. May 11, 2001); *State v. Blackmon,* 2000 WL 1901274 at *1 (Ohio Ct.App. Oct. 25, 2000); *State v. Bussey,* 2000 WL 1146811 at *1 (Ohio Ct.App. Aug. 8, 2000). *See also State v. Simms,* 1998 WL 518165 at *1 (Ohio Ct.App. Aug. 13, 1998). Thus, at least insofar as excuses based upon lack of access to trial transcripts are concerned, the Ohio courts *have* uniformly applied a precept that leaves no doubt as to whether such a proffered justification will constitute "good cause" for a late filing of a Rule 26(B) application. Rule 26(B)'s timing requirements therefore constitute adequate and independent state grounds for the Ohio Court of Appeals's denial of relief *in this instance.*

Having failed to satisfy the third prong of the *Maupin* analysis, and thus recognizing the applicability of procedural default rules to his situation, Abreu next argues that he nevertheless is able to establish cause for that procedural default and resulting prejudice. As the alleged cause for his default, Abreu again advances only his claimed lack of access to a transcript. As early as October 3, *1996,* however, seven full months *prior to* the journalization by the Ohio Court of Appeals of its opinion on direct appeal, Abreu had been informed by his appellate counsel that the Public Defender Office could not make copies of the transcript and that Abreu would have to advance $53.84 to reimburse the County Copy Center for photocopying expenses. Even so, the petitioner waited one full year, until October 5, 1997, five months *after* journalization, to deliver those funds and thus to make a post-appeal request for the trial transcript. Furthermore, Abreu has adduced no evidence in the record to justify such a delay. Because, as noted by the magistrate judge in her report and recommendation, "[t]he State does not have an obligation to provide an additional transcript when the defendant is represented by counsel," the petitioner has failed to establish cause in this matter to excuse the procedural default of his claim of ineffective assistance of appellate counsel.

## CONCLUSION

Sixth Circuit case law provides unequivocally that an application for delayed re-

opening under Ohio Appellate Rule 26(B) is considered a part of the direct review process. Consequently, even an untimely application for such relief will serve to toll AEDPA's one-year statute of limitations until such time as the Ohio courts have completed review of the Rule 26(B) request. The district court nevertheless held correctly that all claims raised by Abreu in the habeas corpus petition have been procedurally defaulted. We therefore AFFIRM the denial of habeas corpus relief to the petitioner.