**David BOESE, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 02–5909.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before: MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

## ORDER

David L. Boese appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Boese pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Boese, as an armed career criminal under 18 U.S.C. § 924(e), to a total of 235 months of imprisonment.

On appeal, Boese's counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court granted counsel's motion to withdraw and affirmed the judgment of conviction and sentence. *United States v. Boese*, No. 98–5883, 1999 WL 617961 (6th Cir. Aug.12, 1999).

Thereafter, Boese moved the district court to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion on the ground that the motion was time-barred by the statute of limitations.

On appeal, the government concedes that Boese's motion to vacate sentence was timely filed and submits that the case should be remanded. Boese has filed a motion construed as an extension of his appellate argument regarding the timeliness of his § 2255 motion.

The government concedes that Boese's motion to vacate sentence is not time-barred by the statute of limitations. The one-year statute of limitations begins to run at the "expiration of the time for seeking" direct review. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000) (the one-year statute of limitations begins to run the day after a petition for writ of certiorari was due in the United States Supreme Court). In Boese's case, this court denied his petition for rehearing on December 17, 1999. Thus, Boese had ninety days from December 17, 1999 to apply for a writ of certiorari, *see* Sup.Ct. R. 13(3), and he had until March 2001 to file a § 2255 motion.

Boese filed his § 2255 motion on December 8, 2000 by giving his motion to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Therefore, Boese's § 2255 motion was timely filed.

Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. Boese's motion is hereby denied as moot.