**Leon Nathan BROWDER,
Petitioner–Appellant,**

v.

**Jimmy STEGALL, Respondent–
Appellee.**

**No. 01–1262.**

United States Court of Appeals,
Sixth Circuit.

Aug. 27, 2001.

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

*ORDER*

Leon Nathan Browder, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Browder was convicted of second degree murder after a jury trial in the Saginaw County Circuit Court. He was sentenced on June 28, 1989. His conviction was affirmed on direct appeal on August 7, 1991. The Michigan Supreme Court denied Browder's application for leave to appeal.

On October 30, 1996, Browder filed a motion for relief from judgment in the trial court. The trial court denied the motion on March 19, 1997. On December 3, 1998, the Michigan Court of Appeals denied Browder's delayed application for leave to appeal. On July 27, 1999, the Michigan Supreme Court denied Browder's delayed application for leave to appeal because Browder failed to meet the burden of establishing entitlement to relief under Michigan Ct. R. 6 .508(D).

Browder's habeas petition was filed on July 13, 2000. The petition presents claims of ineffective assistance of trial and appellate counsel. The district court dismissed the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1), and granted Browder a certificate of appealability.

Upon review, we conclude that the district court properly dismissed Browder's

habeas petition as barred by the applicable statute of limitations. This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). The Antiterrorism and Effective Death Penalty Act states that a "1 year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled, however, during the pendency of any properly filed post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2).

Browder did not seek a writ of certiorari in the United States Supreme Court. Therefore, his direct appeal became final 90 days after his appeal was final in the Michigan courts, *i.e.,* June 29, 1992 (the 90th day was a Sunday). *See* 28 U.S.C. § 2244(d)(1)(A); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir.2000). Therefore, the statute of limitations began to run on April 24, 1996, when the AEDPA was enacted, and it continued to run until October 29, 1996, when Browder filed his motion for relief from judgment in the trial court, a total of 188 days. The statute then was tolled from October 29, 1996, through July 27, 1999, while Browder's post-conviction motion was pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). The Michigan Supreme Court denied Browder's delayed application for leave to appeal on July 27, 1999.

On July 28, 1999, the statute of limitations began to run again. *See* Fed. R.Civ.P. 6(a); *Bronaugh,* 235 F.3d at 284–85. On that date, Browder had 177 days remaining within which to timely file his habeas petition (365 days minus the 188 days already used). The statute of limitations stopped running on July 13, 2000, the date on which Browder signed his habeas petition and presumably submitted it to correctional officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The statute of limitations ran on Browder's claims for a total of 539 days (188 days in 1996 and 351 days from July 28, 1999 to July 13, 2000). This total is more than the one-year (365 days) allotted by § 2244(d)(1)(A). Thus, Browder's habeas petition is untimely.

Browder has not shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief. The standard to be applied to determine whether equitable tolling of a limitations period is appropriate is this court's five part test set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988). *See Dunlap v. United States,* 250 F.3d 1001, 1009 (6th Cir.2001). The court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008 (citing *Andrews,* 851 F.2d at 150). Considering these factors, we conclude that Browder has failed to meet his burden of proof.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.