Eugene THOMPSON, Petitioner–Appellant,

v.

Betty MITCHELL, Warden, Respondent–Appellee.

No. 99–3976.

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

**294**

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

*ORDER*

Eugene Thompson, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, Thompson pleaded guilty to murder and aggravated robbery and was

sentenced to respective terms of imprisonment of fifteen years to life and ten to twenty-five years. The Ohio Court of Appeals denied Thompson's motion for a delayed appeal on April 22, 1998, and the Ohio Supreme Court thereafter denied leave to appeal on November 4, 1998. On an unspecified date, Thompson filed a petition for post-conviction relief in state court which remained pending during the district court proceedings.

In his federal habeas corpus petition dated April 30, 1999, Thompson asserted that: 1) the Ohio Court of Appeals violated his constitutional rights by not providing reasons for denying leave to file a delayed appeal; 2) his guilty plea was unknowing and involuntary as the trial court did not explain the elements and nature of the charges; and 3) trial counsel rendered ineffective assistance by not objecting to the trial court's failure to explain the elements and nature of the charges. The district court dismissed the petition, and this court issued a certificate of appealability as to the second and third claims.

In his timely appeal, Thompson reasserts his second and third claims.

▪ In a habeas corpus action, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. See *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Upon review, we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. See *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994).

▪ Under the Antiterrorism and Effective Death Penalty Act (AEDPA) enacted on April 24, 1996, a state prisoner has one year from the date his conviction becomes final to file a habeas corpus petition

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

in federal court. See 28 U.S.C. § 2244(d)(1). A state prisoner whose conviction became final prior to AEDPA's enactment has one year from that date, i.e., until April 24, 1997, to file a federal habeas corpus petition. See *Brown v. O'Dea,* 187 F.3d 572, 576 (6th Cir.1999), *vacated on other grounds,* 530 U.S. 1257, 120 S.Ct. 2715, 147 L.Ed.2d 980 (2000).

■ Thompson, whose convictions predated the enactment of AEDPA, did not file his federal habeas corpus petition until 1999, well after the one year grace period had expired on April 24, 1997. Because the limitations period had already expired, his motion for a delayed appeal, filed in 1998, could not toll the limitations period. See *Bennett v. Artuz,* 199 F.3d 116, 122 (2d Cir.1999) ("any lapse of time before a state application is properly filed [is] counted against the one-year limitations period"), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Thompson's petition for state post-conviction relief, filed at an unspecified time, likewise did not toll the limitations period. In his post-conviction petition, he did not raise any of the claims raised in his federal habeas corpus petition, but instead raised a claim of "ineffective assistance of counsel based on newly discovered evidence." AEDPA's limitations period is not tolled by state post-conviction proceedings unless the post-conviction petition raises at least one federally cognizable claim which is then raised in the federal habeas corpus petition. See *Austin v. Mitchell,* 200 F.3d 391, 395 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.