**Donnell RAGLIN, Petitioner–Appellant,**

v.

**Michael RANDLE, Warden,
Respondent–Appellee.**

**No. 00–3322.**

United States Court of Appeals,
Sixth Circuit.

May 8, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

### ORDER

Donnell Raglin, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court granted a certificate of appealability. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a jury convicted Raglin of involuntary manslaughter with a gun specification. The court sentenced him to five to ten years and three years of imprisonment, respectively. The Ohio Court of Appeals affirmed the conviction on direct appeal, and the Ohio Supreme Court denied review in December 1996. Beginning in 1997, Raglin filed a series of overlapping state court challenges to his conviction: (1)

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

a habeas corpus petition in the court of appeals; (2) a habeas corpus petition in the supreme court; (3) a post-conviction petition in the trial court; and (4) a motion to reopen his direct appeal in the court of appeals. Raglin filed his federal habeas petition on September 24, 1999. The district court dismissed the petition as barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Noting the evolving case law, the district court granted Raglin a certificate of appealability on the statute of limitations issue.

In his timely appeal, Raglin argues that the merits of his petition should be considered because he is actually innocent.

■ When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

■ We conclude that the district court properly dismissed Raglin's petition as barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Raglin filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000). The AEDPA contains a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This court recently held that § 2244(d)(1)(A) excludes the time during which an untimely motion to reopen a direct appeal under Ohio App. R. 26(b) is pending because such a motion is part of the direct appeal. *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir.2000) (citing *White v. Schotten*, 201 F.3d 743, 752–53 (6th Cir.), *cert. denied*, — U.S. —, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000)). In addition,

the statute of limitations is tolled for any period of time in which a properly filed post-conviction relief petition is pending before the state courts. *See* § 2244(d)(2). The Supreme Court has held that such an application is "properly filed" within the meaning of § 2244(d)(2) if its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including time limits. *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 363–64, 148 L.Ed.2d 213 (2000). Thus, untimely state collateral attacks are not properly filed and do not toll the statute of limitations. *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir.2000); *Outlaw v. Sternes*, 233 F.3d 453, 456 (7th Cir.2000).

■ Raglin filed his habeas petition well past the one-year limit. His conviction became final on March 18, 1997, when the time for filing a petition for a writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir.2000), *cert. denied*, — U.S. —, 121 S.Ct. 1211,- 149L.Ed.2d 124 (2001). Raglin's two state habeas petitions tolled the statute of limitations under § 2244(d)(2). His May 4, 1998, state post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law. *See Artuz*, 121 S.Ct. at 363–64; *Hurley*, 233 F.3d at 1297, *Outlaw*, 233 F.3d at 456. The district court, without the benefit of this court's decision in *Bronaugh*, treated Raglin's motion to reopen his appeal as an untimely attempt at collateral review under § 2244(d)(2) and concluded that the motion did not toll the statute of limitations. Under *Bronaugh*, this motion is considered part of the direct appeal. *Bronaugh*, 235 F.3d at 286. However, even after giving Raglin credit for the time his motion to reopen his direct appeal was pending, his federal petition was still late. Combining the overlapping periods during

which Raglin's attacks on his conviction were pending, the limitations period did not run from August 11, 1997, to December 23, 1998, for a total of 499 days. When Raglin filed his federal habeas petition on September 24, 1999, a total of 920 days had elapsed since his conviction became final. Subtracting 499 days leaves 421 days, fifty-six days past the one-year deadline.

Raglin's argument on appeal is without merit. Whether or not there is an actual innocence exception to the AEDPA's statute of limitations, Raglin did not submit any new and reliable evidence that could have convinced a reasonable juror not to convict him of involuntary manslaughter. *See Schlup v. Delo*, 513 U.S. 298, 327–29, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

For the foregoing reasons, we affirm the district court's order dismissing Raglin's habeas petition as untimely under the AEDPA's statute of limitations. Rule 34(j)(2)(C), Rules of the Sixth Circuit.