**Scott Lee POYNTER, Petitioner–Appellant,**

v.

**Thomas BIRKETT, Respondent–Appellee.**

No. 00–2044.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Scott Lee Poynter, a Michigan prisoner proceeding pro se, moves for in forma pauperis status on appeal from a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 29, 1993, a circuit court jury in Jackson County, Michigan, convicted Poynter of assault with intent to commit murder. Poynter subsequently pleaded guilty to a supplemental information,

charging him with being a habitual offender, second offense. The trial court sentenced Poynter to a term of 15 to 45 years in prison for his conviction. The Michigan Court of Appeals affirmed Poynter's conviction on October 27, 1994. The Michigan Supreme Court denied leave to appeal on June 30, 1995.

On June 27, 1996, Poynter filed a motion for relief from judgment. On July 31, 1996, the trial court denied the motion, and on July 9, 1997, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. The Michigan Supreme Court denied Poynter's delayed application for leave to appeal on September 14, 1998.

On August 24, 1999, Poynter signed his habeas petition, which alleges that: (1) the jury viewed Poynter in chains and handcuffs during its deliberations; (2) the prosecutor offered extraneous facts to the jury and vouched for the credibility of the evidence; (3) trial counsel was ineffective; and (4) appellate counsel was ineffective. The district court dismissed the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). Reconsideration was denied. The district court granted a certificate of appealability.

■■■ This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.), *petition for cert. filed* (U.S. Oct. 2, 2000) (No. 00–8185). Because Poynter's habeas petition was filed after the Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996, the provisions of that act apply to this case. The AEDPA contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. *See* 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the

date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The AEDPA became effective on April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period would be tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *See Hoggro v. Boone,* 150 F.3d 1223, 1226–27 (10th Cir.1998).

Upon review, we conclude that Poynter's § 2254 habeas corpus petition was untimely and barred by the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Poynter's direct review of his state court conviction was concluded before the enactment of the AEDPA. Therefore, the statute of limitations began to run on April 24, 1996, when the AEDPA was enacted, and it continued to run until June 27, 1996, when Poynter filed his motion for relief from judgment in the trial court. The statute then was tolled from June 27, 1996, through September 14, 1998, while Poynter's post-conviction motion was pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). The Michigan Supreme Court denied or rejected Poynter's delayed application for leave to appeal on September 14, 1998.

On September 15, 1998, the statute of limitations began to run again. *See* Fed. R.Civ.P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 284–85 (6th Cir.2000). The statute of limitations stopped running on August 24, 1999, the date on which Poynter signed his habeas petition and presumably submitted it to correctional officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The statute of limitations ran on Poynter's claims for a total of 408 days (64 days in 1996 and 344 days from September 15, 1998 to August 24, 1999). This total is more than the one year (365 days) allotted by § 2244(d)(1)(A). Thus, Poynter's habeas petition is untimely.

Accordingly, Poynter's motion for in forma pauperis status is granted for the purpose of this review only. The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.