Douglas P. WILBERGER,
Petitioner–Appellant,

v.

Harold E. CARTER, Respondent–
Appellee.

No. 99–3577.

United States Court of Appeals,
Sixth Circuit.

Jan. 18, 2002.

Before KEITH, NORRIS, and BATCHELDER Circuit Judges.

BATCHELDER, Circuit Judge.

Petitioner appeals the judgment of the district court dismissing his petition for federal habeas relief in which he raised claims that his guilty plea was not voluntarily entered because the trial court misled him into believing he was pleading to an offense for which he would be eligible for probation, and his trial counsel was ineffective because he failed to file a motion for shock probation as he had agreed to do as part of the plea agreement. The district court summarily dismissed the petition because the petitioner had procedurally defaulted the claims. Affirming the dismissal, we will not reach the procedural-default issue. Instead, we agree with the State of Ohio: the petition was filed beyond the one-year limitations period set by 28 U.S.C. § 2244(d)(1).

## PROCEDURAL HISTORY

Douglas Wilberger pled guilty in common pleas court in Ohio to felonious assault. During the change-of-plea colloquy, the trial judge asked Wilberger if anyone had promised him anything in exchange for his guilty plea. Wilberger's public defender responded that he had promised Wilberger that he would file a motion for shock probation. Wilberger then pled guilty to one count of felonious assault. Wilberger was sentenced to three to fifteen years in prison on April 24, 1995. Wilberger did not appeal either his conviction or his sentence.

Wilberger's public defender never moved for shock probation, and on October 30, 1995, Wilberger filed the motion *pro se*. The common pleas court denied the motion on December 11, 1995. Again, Wilberger

made no attempt to appeal. On April 22, 1996, almost one-year after his conviction, Wilberger filed a petition for post-conviction relief asking the common pleas court to vacate or set aside the April 1995 sentence. By order entered on May 22, 1996, the court denied the motion because Wilberger had never filed a direct appeal. Wilberger filed a notice of appeal in October of 1996, but notice of appeal did not address the May 22, 1996, order. Wilberger has never appealed the May 22nd order. *See Ohio v. Wilberger,* 1997 WL 473090, at *2 & *4 (Ohio Ct.App. Aug. 14, 1997) ("The delayed notice of appeal *sub judice* was filed on October 4, 1996. The order appealed from is the order of April 24, 1995, wherein the Court accept the plea of guilty[.] * * * In this assignment, appellant seeks review of the May 22, 1996 order denying his petition for post-conviction relief. This is not the order appealed from in his notice of appeal. Hence, this court is without jurisdiction to review this assignment of error.").

On October 10, 1996, Wilberger moved for permission to take a delayed direct appeal of his April 1995 conviction. Ohio's 8th District Court of Appeals (the "8th District") granted Wilberger's motion and later, in an opinion that says nothing about shock probation or Wilberger's guilty plea, affirmed Wilberger's conviction. *Ohio v. Wilberger,* 1997 WL 473090 (Ohio Ct.App. Aug. 14, 1997). Nothing in the record indicates that Wilberger ever sought review of this decision in the Ohio Supreme Court.

Nothing else happened in the case for 150 days, until January 12, 1998, when Wilberger moved the common pleas court for permission to withdraw the guilty plea that he had entered nearly three years before in April of 1995. Wilberger urged two assignments of error in this motion. First, he argued that the trial judge did not strictly comply with Ohio Rule of Criminal Procedure 11 when she took his change of plea and sentenced him. Second, Wilberger argued that his due process rights were violated when the prosecutor allegedly misled him into believing that he was eligible for shock probation and then, when Wilberger's counsel advised the court during the plea hearing that he intended to file a motion for shock probation, the prosecutor withheld evidence from the trial judge that Wilberger was a prior offender—evidence that would disqualify Wilberger from shock probation.

By order entered on March 26, 1998, the common pleas court denied Wilberger's motion to withdraw the guilty plea. Wilberger did not appeal that order until July 9, 1998, when he filed a motion to bring a delayed appeal. The 8th District denied the motion on July 22, 1998. On October 27, 1998, Wilberger asked the Ohio Supreme Court for permission to file a delayed appeal. The motion was denied on December 9, 1998.

Sixty-eight days after the Ohio Supreme Court denied Wilberger's motion to file a delayed appeal, Wilberger filed his federal habeas petition. The federal district judge summarily dismissed Wilberger's petition *sua sponte* because, she concluded, "it is evident on the face of the petition that plaintiff was procedurally barred from pursuing the grounds sought to be raised herein in the Ohio courts." *Wilberger v. Jones,* Case No. 1:99 CV 355, slip op. at 2 (N.D.Ohio Mar. 26, 1999). The district judge also noted that Wilberger's petition did not show cause and actual prejudice. The district judge concluded that a certificate of appealability should not issue. *See id.* at 3.

This court, however, issued a certificate of appealability on three issues: (1) whether Wilberger procedurally defaulted his claims in state court; (2) whether Wilber-

ger's public defender rendered ineffective assistance of counsel by wrongly advising Wilberger about eligibility for shock probation; and (3) whether the trial court erroneously indicated to Wilberger that Wilberger was eligible for shock probation. *Wilberger v. Jones,* No. 99–3577, Order (6th Cir. Nov. 2, 1999). The State's motion to reconsider the order granting the certificate was denied.

## ANALYSIS

■ The State argues on appeal that Wilberger's habeas petition must be dismissed because it is time-barred. A one-year limitations period applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), if a state prisoner is to file for federal habeas relief, he must do so within one-year from the time the state-court judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). For purposes of federal habeas review, a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999).

■ The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to habeas corpus petitions. *See Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001). Rather, the limitations period is tolled while a "properly filed" application for post-conviction relief or collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application is "properly filed" when its delivery and acceptance by the state court comply with the state laws and rules governing filings. *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213

(2000). Untimely motions are not "properly filed" and will not stop the one-year clock. *See id.* (examples of these laws and rules include "the time limits upon [petition's] delivery" to state court).[1] Even when a "properly filed" application is pending in state court, the one-year clock continues to run if the post-conviction petition in state court raises no federally cognizable claim that is later raised in a federal petition. *See Thompson v. Mitchell,* 16 Fed.Appx. 293, 294 (6th Cir.2001).

■ Assuming it had not already expired, the one-year clock stopped running when Wilberger signed his federal habeas petition and submitted it to correctional officials for mailing. *See Poynter v. Birlett,* 13 Fed.Appx. 292, 294 (6th Cir.2001) (citing *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Wilberger argues that the panel should not consider Ohio's limitations-period argument because that argument appears for the first time here on appeal. Ohio counters that Wilberger's petition was 43 days late. Ohio contends that 408 days passed between Wilberger's conviction's becoming final and Wilberger's filing a habeas petition in federal court. Ohio also says that Wilberger's motions to file delayed appeals on post-conviction matters in the 8th District and the Ohio Supreme Court did not toll the time.

Wilberger ignores the fact that the district court summarily dismissed the petition and Ohio was never ordered to respond. Because this appeal is the first time that Ohio has been afforded the chance to raise the statute of limitations argument, Wilberger's waiver argument fails.

---

1. *See also Raglin v. Randle,* 10 Fed. Appx. 314, 315 (6th Cir.2001) ("[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations.") (citing *Hurley v. Moore,* 233 F.3d 1295, 1297 (11th Cir.2000) and *Outlaw v. Sternes,* 233 F.3d 453, 456 (7th Cir.2000)).

■ To determine whether Wilberger's federal habeas petition is untimely, we must first determine when Wilberger's state-court conviction became final for purposes of counting time under § 2244(d)(1). Although the time for direct review expired 30 days after the Court of Common Pleas entered its judgment of conviction against Wilberger, that is not the operative time to which we look. Under 2244(d)(1)(A), the one-year clock starts at later of two dates: when time to seek direct review expires or when direct review concludes. *See* 28 U.S.C. § 2244(d)(1)(A). Here, Ohio's 8th District granted Wilberger's motion for a delayed appeal of his conviction. Thus, the one-year clock started when the direct review—albeit a delayed direct review in this case—concluded. Normally, direct review ends when the time to seek certiorari from the United States Supreme Court expires. *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir.2000). Before Wilberger could seek certiorari from the United States Supreme Court on a state-court decision, he would have to take his case to the Ohio Supreme°Court. *See* 28 U.S.C. § 1257(a) ("Final judgments ... rendered by the highest court of a State ... may be reviewed by a writ of certiorari[.]"). Here, however, Wilberger did not appeal to the Ohio Supreme Court the 8th District Court of Appeals's order affirming his conviction on direct appeal. The one-year clock therefore started ticking when Wilberger's time expired for him to seek Ohio Supreme Court review of the 8th District's decision on his direct appeal.

Under Ohio rules, Wilberger had 45 days to appeal to Ohio's Supreme Court. *See* Ohio S.Ct. R. II § 2(A)(1)(a). The 8th District issued its decision on August 14, 1997; beginning the count on August 15, 1997, 45 days takes us to September 28, 1997. Hence, September 29, 1997, was Wilberger's last day to seek further direct review, and under Rule 6 of the Federal Rules of Civil Procedure, § 2244(d)(1)'s one-year clock started ticking the next day—September 30, 1997.

Wilberger's federal habeas petition is time-barred unless he filed that petition on or before September 29, 1998, or unless he "properly filed" a petition in state court, which would stop the one-year clock. The operative phrase here is, of course, "properly filed."

Wilberger filed his petition for post-conviction relief in Ohio's Court of Common Pleas on January 12, 1998. The limited record we have does not suggest that the motion was anything but properly filed. Assuming that is the case, Wilberger's motion stopped the one-year clock after 105 days had run; 260 days remained.

■ The common pleas court entered its order denying Wilberger's motion to withdraw his guilty plea on March 26, 1998. Wilberger had 30 days starting March 27, 1998, to file a notice of appeal with the 8th District Court of Appeals. Thus, the one-year clock started running again on April 25, 1998. But Wilberger did not file a timely appeal with the 8th District, and when the 8th District denied his motion, Wilberger failed to perfect a timely appeal of that order to the Ohio Supreme Court. Thus, the one-year clock started ticking again on April 25, 1998, and did not stop. The clock ran out for Wilberger 260 days later on January 10, 1999. Wilberger did not sign his federal habeas petition until February 2, 1999. *See Raglin*, 10 Fed.Appx. at 315.

Even assuming that Wilberger deposited his petition in the mail that day or gave his petition to prison officials so that they could deposit the petition in the mail (and Wilberger gives us no affidavit or declaration to say that he did either), his habeas petition was still late by at least 23 days.

(Ohio says that Wilberger's petition was 43 days late). In any event, Wilberger's petition was untimely under § 2244(d)(1).

Accordingly, we AFFIRM the judgment of the district court dismissing the petition.