Nathaniel **DAVIS,** Petitioner,

v.

Anthony **BRIGANO,** Warden, Respondent.

No. 00–3758.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2002.

Before JONES and MOORE, Circuit Judges; HAYNES, District Judge.*

PER CURIAM.

Petitioner Nathaniel Davis appeals the district court's denial of his habeas corpus petition as time-barred by the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). We AFFIRM.

## I. BACKGROUND

Petitioner is an inmate in state custody on a conviction of one count of aggravated robbery and an accompanying firearm specification. Petitioner filed the habeas action which is the subject of this appeal on November 29, 1999 seeking to challenge these convictions. Under 28 U.S.C. § 2244(d)(1), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, a person in custody pursuant to a judgment of a state court must file his petition for writ of habeas corpus within one year of the "date on which the judgment became final by the conclusion of direct review...." 28 U.S.C. § 2244(d)(1)(A). The district court dismissed Petitioner's habeas action on the ground that it was filed outside the one-year limitations period. On appeal, Petitioner claims that his application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure effectively tolled the statute of limitations so as to render his filing timely.

Whether Petitioner's habeas action is time-barred under § 2244(d) turns on the timing of the various procedural events that have occurred in his case. We lay out the following procedural time-line for ease of understanding:

June 13, 1995: Petitioner is sentenced to 10 to 25 years on the aggravated robbery charge and three years on the firearm specification.

August 7, 1996: The Ohio Court of Appeals affirms the convictions.

December 20, 1996: Petitioner further appeals to the Ohio Supreme Court, but the court dismisses his appeal for lack of a substantial constitutional question.

August 17, 1998: Petitioner files in the state court of appeals a Rule 26(B) application to reopen his direct appeal.

February 18, 1998: The Ohio Court of Appeals denies the application because it

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

was untimely and Petitioner could not show good cause for the delay.

May 12, 1999: The Ohio Supreme Court dismisses Petitioner's appeal of his Rule 26(B) application.

November 29, 1999: Petitioner files application for habeas corpus relief in the United States District Court for the Southern District of Ohio.

May 17, 2000: The district court grants the State's motion to dismiss the petition on the ground that it was filed outside the one-year statute of limitations under § 2244(d)(1)(A). Petitioner appeals the district court's dismissal of his habeas petition to this court.

## II. DISCUSSION

We review the district court's denial of Petitioner's habeas corpus petition *de novo*. *See Harris v. Stovall*, 212 F.3d 940, 941 (6th Cir.), *cert. denied*, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). The principal question in this case is the effect of Petitioner's Rule 26(B) application on the limitations period Congress prescribed for habeas actions in the AEDPA. The essence of Petitioner's argument is that the limitations period did not begin to run on his habeas claim until May 12, 1999, the date on which the Ohio courts disposed of his application to reopen, and therefore his habeas petition filed six months later in November was within the one-year limitations period. His claim rests on the argument that the application to reopen is part of the direct review process, and that pursuant to § 2244(d)(1)(A) the one-year limitation period cannot run while the state courts consider his direct appeal.

The State, on the other hand, urges us to find that the Rule 26(B) application is a post-conviction remedy rather than part of the direct appeal, and cites to lower court decisions which criticize, as a matter of policy, the view that the application to reopen is part of the direct review process. These cases hold that to treat the application to reopen as part of the direct appeal subverts the AEDPA's one-year statute of limitations by permitting the prisoner to indefinitely forestall the clock by filing a late Rule 26(B) application. *See, e.g., Abreu v. Huffman*, 82 F.Supp.2d 749, 755 (N.D.Ohio 2000). The court in *Abreu*, for example, observed that

"[A] habeas petitioner could file a direct appeal on 1 January 2000, have his conviction upheld by the state Supreme Court on 1 July 2000, and then file an untimely application to reopen two years later, on 1 July 2002. [Petitioner] would contend the prisoner had not completed direct review until the latter date, thus giving the prisoner until 1 July 2003 to file a habeas petition in federal court."

*Id.* at 755 n. 6. Under the State's analysis, the one-year clock on Petitioner's habeas action began to run on December 21, 1996, the day after the Supreme Court of Ohio dismissed his criminal appeal. Hence, the habeas petition filed on November 29, 1999 fell well outside the one-year limitations period set forth in § 2244(d).

The district court found the State's reasoning persuasive. The court stated that "[t]o construe such applications as part of the direct review process would frustrate the purpose of [the AEDPA] by enabling petitioners to extend the limitations period indefinitely simply by filing applications to reopen the appeal, regardless of their merit or timeliness." J.A. at 36. Although we comprehend and sympathize with the concerns the district court expressed regarding Petitioner's argument, the court's reasoning is problematic as it contravenes established case precedent in this circuit. A panel of this court decided in *White v. Schotten*, 201 F.3d 743 (6th Cir.), *cert. denied Bagley v. White*, 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000), that an

application for reopening of the direct appeal under Ohio Appellate Rule 26(B) is part of the direct appeal process. *White,* 201 F.3d at 752. Pursuant to 6th Cir. R. 206, the published decision of the court in *White* was binding upon the district court just as it is binding upon us.[1]

We therefore follow the rule of *White* that the application to reopen is a continuation of the prisoner's direct appeal of his criminal conviction. In following *White,* we are not deterred by the important policy concerns raised by the State and the district court regarding late Rule 26(B) applications and their effect on the habeas statute of limitations. This court observed in *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir.2000), that

> "[A habeas petitioner] will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is *actually pending* in the Ohio courts."

*Id.* at 286 (emphasis added). In other words, the period of time between the dismissal of Petitioners's criminal appeal by the Supreme Court of Ohio and the filing of his Rule 26(B) application counts against him for purposes of the limitations period. *Bronaugh* makes clear that the application to reopen pauses the clock only for that period of time in which the application is before the state courts. For example, if 200 days pass before the Rule 26(B) application is filed, § 2244(d)(1)(A)

requires that the limitations period is tolled until the application to reopen is decided. The application does not, however, reset the clock. Rather, the 200 days are assessed against the one-year limit in § 2244(d). The statute of limitations runs again immediately after the Rule 26(B) application has been decided. *See Bronaugh,* 235 F.3d at 286–87.

In the case before us, a total of 605 days passed from the dismissal of Petitioner's criminal appeal on December 20, 1996 to the filing of his Rule 26(B) application. The 365–day limitations period of § 2244(d)(1)(A) had long since expired. As noted earlier, neither the statute nor the rule in *White* empowers Petitioner to revive the limitations period with the simple filing of a Rule 26(B) application after nearly two years of inactivity in the direct review process. We therefore reject Petitioner's argument that the limitations period did not begin to run until the Ohio courts denied his application to reopen on May 12, 1999.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the district court, holding that the petition for writ of habeas corpus was not timely filed and must, therefore, be dismissed.

---

1. This rule states that: "Reported panel opinions are binding upon subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court." 6th Cir. R. 206(c); *see also United States v. Smith,* 73 F.3d 1414, 1418 (6th Cir.1996).