**Marshall L. BANKS, Sr., Petitioner,**

v.

**The State of OHIO, et al., Respondents.**

No. C2–02–909.

United States District Court, S.D. Ohio, Eastern Division.

Oct. 31, 2002.

Marshall L. Banks, Sr., Marion, OH, Pro se.

*OPINION AND ORDER*

SARGUS, United States Magistrate Judge.

This 28 U.S.C. § 2254 action is before the Court to consider objections filed by petitioner, Marshall L. Banks, Sr., to a Report and Recommendation issued by the Magistrate Judge on September 18, 2002. The Magistrate Judge has recommended that this action be dismissed because it was not timely filed under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). The Court has considered the objections *de novo* and, for the following reasons, will overrule the objections and adopt the Report and Recommendation.

As noted in the Magistrate Judge's Report and Recommendation, according to the petition, petitioner was convicted of murder in the Franklin County Court of Common Pleas on December 22, 1986 and sentenced to 15 years to life with an additional three-year term based on a firearm specification. His conviction was affirmed by the Tenth District Court of Appeals on November 19, 1987. The petition contains little additional procedural history apart from a reference to an earlier case filed in this Court, Case No. C–2–98–759, which was actually a 42 U.S.C. § 1983 case, and a post-conviction petition filed in the State Court in December, 2000. Based upon the procedural history presented, the Magistrate Judge concluded that the statute of limitations expired on April 24, 1997, and that this case was therefore not timely filed.

An independent search of the reported and unreported decisions of the Ohio Courts reveals the following procedural history. Banks was initially convicted of murder, but that conviction was set aside by the Tenth District Court of Appeals on April 22, 1986 based upon prosecutorial misconduct and failure to give an instruc-

tion on a lesser included offense. Banks was retried and found guilty. He appealed his conviction to the Tenth District Court of Appeals, which affirmed on November 17, 1987. It appears that he took a delayed appeal to the Ohio Supreme Court. On September 25, 1995, the Ohio Supreme Court dismissed his appeal because he failed to file a merits brief. *See State v. Banks,* 73 Ohio St.3d 1456, 654 N.E.2d 1269 (1995). His motion to reconsider that decision was stricken on October 17, 1995. *See State v. Banks,* 74 Ohio St.3d 1423, 655 N.E.2d 742 (1995). He also filed a post conviction action, which was denied, and appealed the denial of that post conviction action to both the Tenth District Court of Appeals and the Ohio Supreme Court. The Tenth District Court of Appeals dismissed on the merits. *State v. Banks,* No. 94 APA02–260, 1994 WL 485584 (Ohio App. 10th Dist. Sept. 16, 1994), and the Ohio Supreme Court denied a motion for leave to file a delayed appeal from that decision. *State v. Banks,* 71 Ohio St.3d 1445, 644 N.E.2d 408 (1995). Consequently, both the procedural history contained in the petition and the Court's own independent review of the procedural history of Banks' case reveals that on April 24, 1996, the effective date of the AEDPA, Banks had no actions pending in the state court, and his conviction had become final more than one year before that date.

As the Report and Recommendation correctly points out, a state prisoner whose conviction became final prior to the effective date of the act was entitled to one year in which to file a timely § 2254 petition. There is no evidence that Banks filed such a petition within one year of April 24, 1996, nor any evidence that he filed any type of state court proceeding between April 24, 1996 and April 24, 1997 which would have tolled the running of the statute of limitations. There is also no evidence from which the Court could conclude that the statute should have been equitably tolled during that time period. As a result, the statute of limitations clearly ran in this case on April 24, 1997.

Banks' objections are focused primarily upon his claim that he raised an issue of actual innocence in his petition, and that the Magistrate Judge's Report and Recommendation does not address this issue. Without reaching the question of whether a claim of actual innocence, unsupported by independent constitutional violations, would justify the grant of a writ of habeas corpus, the Court may not consider the merits of any claim presented in the petition if it finds that the claim was not timely presented. Because the statute of limitations ran before Banks filed his petition, the Magistrate Judge was neither obligated to, nor permitted to, review the merits of Banks' claim.

Based upon the foregoing, Banks' objection to the Magistrate Judge's Report and Recommendation (file doc. # 5) is OVERRULED. The Report and Recommendation is ADOPTED. The petition for a writ of habeas corpus is DENIED and this action is DISMISSED.

## *REPORT AND RECOMMENDATION*

KEMP, United States Magistrate Judge.

Petitioner, Marshall l. Banks, Sr., brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section § 2254 Cases in the United States District Courts, and also whether petitioner should be granted leave to proceed *in forma pauperis.*

According to the petition, on December 22, 1986, after a trial, petitioner was convicted in the Franklin County Court of Common Pleas of one count of murder, in

violation of O.R.C. § 2903.02, with a firearm specification. Petitioner was sentenced to a term fifteen years to life incarceration, with three years for use of a firearm. *Petition.* On November 19, 1987, the Tenth District Court of Appeals affirmed petitioner's conviction. *Id.* Petitioner apparently filed five post conviction actions in the trial court, *see* Exhibit C to Petition, the last of which was denied as untimely on December 19, 2000. *Petition.* On January 29, 2002, petitioner also filed an application for reconsideration of the appeal pursuant to Ohio Appellate Rule 26(B). *Id.* The application was apparently denied, and it appears that the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal on May 29, 2002. *See* Exhibit A to Petition.

On July 9, 2002, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He alleges that he is in the custody of the respondent based upon the following grounds:

1. The state suppressed *Brady* evidence and denied petitioner the Sixth Amendment right to present a relevant defense.

2. Petitioner was denied fundamental effective assistance of counsel under the Sixth and Fourteenth Amendments.

3. Petitioner contends he [is] entitled to a federal evidentiary hearing to establish that he [is] actually innocent of murder.

*Petition.*

## I. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. § 2244(d)(1) provides:

(d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2). Petitioners whose convictions became final prior to the effective date of the Act had one year from the effective date of the Act, or until April 24, 1997, within which to file a petition for a writ of habeas corpus, *Isham v. Randle*, 226 F.3d 691 (6th Cir.2000), unless the

---

1. Although petitioner states that he has filed a previous federal habeas corpus action, it appears that the only prior federal action in this case involved a § 1983 action, *Banks v. City of Columbus*, C2–98–759 (S.D. Eastern Division), which was dismissed on July 31, 1998.

petition alleges extraordinary circumstances that made it impossible to timely file the petition. *See Calderon v. United States District Court,* 112 F.3d 386 (9th Cir.1997).

In the instant case, petitioner's conviction became final in 1987, prior to the effective date of the AEDPA. The statute of limitations therefore expired on April 24, 1997, unless a post conviction action served to toll the running of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) from April 24, 1997 until July 9, 2002, the date this action was filed. Petitioner's December 2000 post conviction action cannot serve to toll the running of the statute of limitations, as such action was apparently denied as untimely. *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Wilberger v. Carter,* 35 Fed.Appx. 111, unpublished, 2002 WL 89671 (6th Cir.2002); *Raglin v. Randle,* 10 Fed.Appx. 314, unpublished, 2001 WL 523530 (6th Cir.2001). Likewise, petitioner's January 2002 application for reopening of the appeal cannot serve to toll the running of the statute of limitations in this case, as it appears that the statute of limitations had already long since expired. *Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000); *Davis v. Brigano,* 34 Fed.Appx. 155, unpublished, 2002 WL 203142 (6th Cir.2002).

## II.

Based upon the foregoing, petitioner is granted leave to proceed *in forma pauperis,* and the clerk is directed to open a new civil case. Further, the Magistrate Judge **RECOMMENDS** that the petition be **DISMISSED** for failing to comply with the one year statute of limitations imposed under 28 U.S.C. § 2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or rec-

ommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).